E. & G. Theatre Company *vs.* William S. Greene & another.

Bristol.    October 27, 1913. — November 25, 1913.

Present: Rugg, C. J., Morton, Braley, Sheldon, & De Courcy, JJ.

*Corporation,* Foreign: right to sue in our courts.

Under St. 1903, c. 437, § 60, providing that "no action shall be maintained or recovery had in any of the courts of this Commonwealth by any" foreign corporation having a place of business in this Commonwealth "so long as it fails to comply with the requirements of" that section and of § 58, if a bill in equity is filed by a corporation organized in another State and having a place of business here, which has failed to file any paper with the commissioner of corporations or to make the commissioner of corporations its attorney on whom process may be served, and if such plaintiff, after its non-compliance with the statute has been pleaded seasonably and properly and an opportunity to comply with the statute has been afforded it by an interlocutory decree, still persists in non-compliance, the bill should be dismissed by a final decree irrespective of the merits.

Bill in equity, filed in the Superior Court on May 24, 1913, by a corporation organized under the laws of the State of Rhode Island, against the owners of the real estate called the Bijou Theatre on North Main Street in Fall River, alleging that in August, 1912, the defendants gave the plaintiff a lease of the theatre and that the plaintiff deposited with the defendants the sum of $5,000, as provided in the lease, and entered into possession of the theatre, and performed all the covenants of the lease until May 1, 1913, and that on May 8, 1913, the defendants entered and expelled the plaintiff and took possession of the theatre, which contained much property of the plaintiff installed therein; and praying for an injunction, the appointment of a receiver and other relief.

The material part of the answer is described in the opinion.

The case was referred to Fernald L. Hanson, Esquire, as master. The master filed a report in which, among other things, he found that the plaintiff was a corporation organized under the laws of the State of Rhode Island and doing business in Fall River, but that it never had filed any papers with the commissioner of corporations of this Commonwealth. Later the case was heard by *Dubuque,* J., upon the plaintiff's exceptions to the master's report. On August 1, 1913, the judge made an interlocutory

decree, ordering that the exceptions to the master's report be overruled and the report confirmed, and that the plaintiff be relieved of the forfeiture of the lease mentioned in its bill upon the following terms and conditions, viz.: that within ten days from the date of the decree the plaintiff should comply with the laws of this Commonwealth with reference to filing the proper papers required for allowing foreign corporations to engage in business in Massachusetts, and should pay to the defendants the rent due them up to July 31, 1913, namely the sum of $3,333.33 and should pay to the attorney for the defendants the further sum of $300 on account of his fees and costs and should pay to the receivers appointed by the court the sum of $1,330 on account of their services, expenses and losses. The decree further ordered that, if the plaintiff should fail to pay the sums aforesaid within said ten days the plaintiff's bill was to be dismissed, and the defendants were to be allowed their costs.

By a further interlocutory decree on August 12, 1913, the time within which the plaintiff might be relieved from the forfeiture was extended until August 18, 1913, at three o'clock P. M.

On August 18, 1913, a final decree was made, reciting that the time allowed the plaintiff within which it might redeem its leasehold estate as provided for by the interlocutory decrees had expired, and that the plaintiff had not complied with the terms of the decrees and was not ready and willing to redeem the premises upon payment of the sums decreed, and ordering that the bill be dismissed, and that the defendants be allowed their costs of suit.

The plaintiff appealed from the final decree and from the interlocutory decrees.

*W. H. Clarkson,* for the plaintiff.

*A. S. Phillips,* for the defendants.

DE COURCY, J. The plaintiff is a Rhode Island corporation, and was engaged in the business of conducting a theatre in the city of Fall River, on premises leased to it by the defendants. Under the statutory law of this Commonwealth the duty was imposed upon it as a foreign corporation of filing with the commissioner of corporations a copy of its charter and by-laws, a certificate setting forth certain facts with reference to its officers and capital stock, and an appointment of the commissioner as its attorney upon whom all lawful processes in any action or proceed-

ing against it might be served. A failure to comply with these requirements rendered the officers and agents of the corporation liable to a fine, and the corporation itself subject to an injunction restraining it from exercising any corporate rights, privileges or franchises in this Commonwealth. The statute further provides that "no action shall be maintained or recovery had in any of the courts of this Commonwealth by any such foreign corporation so long as it fails to comply with" the requirements referred to. Sts. 1903, c. 437, §§ 58, 60; 1906, c. 372. And see St. 1909, c. 490, Part III, § 54.

The right of the plaintiff, as a foreign corporation, to maintain its action in our courts was put in issue by the pleadings. In the bill of equity the plaintiff alleged that it was engaged in business in Fall River; and in the lease annexed to the bill it is described as a corporation organized under the laws of the State of Rhode Island and "duly licensed, authorized and empowered to engage in business within the Commonwealth of Massachusetts." The answer of the defendants denied that the business of the plaintiff "can now be or ever was legally so engaged in." The master finds that the plaintiff never has filed any papers with the commissioner of corporations in this State. He also finds that exclusive of the rent due the defendants the plaintiff owes between $3,000 and $4,000 to various creditors. Many of these are residents of this State, in whose favor the plaintiff would be rendered amenable to the legal process of our courts upon its compliance with the statute in question.

It seems to us that the plaintiff's non-compliance with the statute was seasonably and properly pleaded, and that consequently it was not entitled to maintain its suit unless and until it should have complied with the law. *Friedenwald Co.* v. *Warren*, 195 Mass. 432. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank*, 196 Mass. 458. At the hearing on the master's report ample opportunity was afforded it to remove its disability. By the interlocutory decree of August 1, 1913, the plaintiff was to be relieved of the forfeiture of the lease upon certain terms and conditions, one of which was that within ten days it should comply with the laws of this Commonwealth by filing the proper papers for carrying on business here. The time was later extended to August 18; nevertheless the plaintiff failed to comply with the

terms of the decree in its favor. In view of its persistent refusal to abide by the requirements of our law it must suffer the consequences provided by the statute, and cannot avail itself of the benefit of our courts.

Without considering the merits of the case in which the decrees appealed from was entered, the decree dismissing the bill * must be affirmed.

*So ordered.*

* ·Entered by order of *Dubuque,* J.