## In re E. & G. THEATRE CO.

(District Court, D. Massachusetts. May 11, 1915.)

No. 19833.

BANKRUPTCY ⬉14—JURISDICTION—PRINCIPAL PLACE OF BUSINESS.

A Rhode Island corporation had an office in that state as required by its statutes, but its only property had been a leasehold on a theater building in Massachusetts, a sum on deposit with the landlord to secure the performance of the lease, and the personal property in the building, and its only business had been the conducting of a theater therein. The landlord had re-entered the premises for nonpayment of rent, and the corporation had brought an action in the Massachusetts state court to recover possession, in which action a receiver was appointed to conduct the business. A judgment was rendered in that action, restoring possession to the corporation on condition that it make certain payments, which it was unable to make, and thereafter a petition in bankruptcy was filed against it in Massachusetts. *Held*, that the corporation's activities in attempting to regain possession of its property constituted its business, and, since that was the only business of the corporation at that time, Massachusetts was its principal place of business, and the District Court of Massachusetts had jurisdiction over the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. ⬉14.]

In Bankruptcy. Proceedings against the E. & G. Theatre Company. On review of the referee's rulings and findings. Report of referee confirmed, and adjudication ordered.

Alfred G. Chaffee, of Providence, R. I., for petitioning creditors.

Harry F. R. Dolan, of Boston, Mass., for bankrupt.

Arthur S. Phillips, of Fall River, Mass., for objecting creditors.

MORTON, District Judge. This is an involuntary petition in bankruptcy against a Rhode Island corporation. A creditor has intervened and answered, setting up lack of jurisdiction and other defenses. Mr. Referee Sherman, to whom the case was referred, reports in favor of adjudication, and the case is here on review of his findings and rulings. The petition was filed on August 26, 1913; and the first question is whether, for the greater part of the preceding six months, the principal place of business of the respondent was in this district.

The respondent was organized in Rhode Island in December, 1912, and carried on the theatrical business. In accordance with Rhode Island law, it apparently maintained a nominal office in that state, where some, at least, if not all, of its officers resided, and where the meetings of its stockholders and directors were held. It never owned any substantial property in that state. It acquired a lease of a theater in Fall River, Mass. In connection with this lease it made a deposit of $5,000 with the lessor, who resided in Fall River, to secure performance of its covenants in the lease, and it acquired and installed in its theater there certain chattel property used in its business of giving theatrical performances. It never had any substantial prop-

erty other than that just referred to, which was all located in Fall River; and it never had any office from which its business was conducted, except that connected with its theater there.

Up to about April 22, 1913, it operated the theater in the usual manner. On May 8th the landlord re-entered upon the theater premises and retook possession of the same, with the chattel property therein, for alleged nonpayment of rent. By a bill in equity filed in the state court on May 24th, the respondent instituted legal proceedings against the landlord to recover its leasehold and its chattel property in the theater. In this suit a receiver was appointed, under whose direction and control the theater was operated until about July 27, 1913. By an interlocutory decree of the state court, entered on August 1, 1913, it was adjudged that the respondent was entitled to be relieved of the forfeiture of its leasehold upon making certain payments prescribed in said decree within the time therein limited, which finally expired on August 18, 1913. The respondent did not make these payments, and on the last named date a final decree was entered dismissing its bill. It took an appeal to the Supreme Judicial Court, by which the final decree was affirmed. E. & G. Theatre Co. v. Greene, 216 Mass. 171, 103 N. E. 301.

Up to May 8, 1913, it is clear that the respondent had its principal place of business in Fall River. Thereafter, having been dispossessed of its theater and office, it had no place where it was transacting the theatrical business. It was, however, until August 18th, engaged in litigation here in an effort to recover its place of business. All its property was in this district, in the hands of a receiver appointed by the superior court to conserve it, pending the litigation in regard to the ownership thereof. This litigation established that the plaintiff had a right to its property upon making certain payments. The affairs of the respondent were not in liquidation by foreign receivers, as was the case in Re Perry-Aldrich Co. (D. C.) 165 Fed. 249. The respondent was endeavoring to regain its theater and to resume business here. It also had an interest in the $5,000 deposited by it with the lessor, which it was endeavoring to protect. It seems to me that its activities constituted "business," as that word is generally understood, which was being done in this district. As the respondent was engaged in no business whatever elsewhere, and had no office elsewhere, it seems to me that its principal place of business was within this jurisdiction.

Upon the other points in the case, the learned referee's rulings and findings were, upon the record before me, plainly right. Report of the referee confirmed; adjudication ordered.