## In re SOKOL et al.
### No. 25890.

District Court, E. D. New York.
March 15, 1934.

M. Mal. Deitch, of New York City, for petitioning creditors.

Herman G. Robbins, of Brooklyn, N. Y., for alleged bankrupts.

432

BYERS, District Judge.

This involuntary proceeding came to trial on the question of whether jurisdiction pertains to the Court. A motion to dismiss the petition succeeded heretofore as to alleged acts of bankruptcy 1 and 2, but not as to 5 and 6; no proof was tendered by the alleged bankrupts, on the trial, in opposition to these. Their case rests upon a denial of the following allegation in the petition:

"That Sam Sokol and Barnet Hyman, copartners doing business under the name of 20th Century Carpeting Co., have for the greater part of six months next preceding the date of the filing of this petition, had their principal place of business at No. 168–12 Jamaica Avenue in the Borough of Queens City of New York County of Queens and State of New York and are * * *."

The proof is that they have resided in this district since October 23, 1933, and the petition was filed on February 14, 1934, so that, for over three months, i. e., the greater part of six months, their residence in this district is deemed to have been established.

On October 23, 1933, they swore to a certificate, which was filed in the County Clerk's office in Queens County in this district, that they were doing business under the name and style set forth in this proceeding; that they resided, respectively, at 637 Barbey Street, Brooklyn, and 87–50 111th Street, Richmond Hill, and they have not been shown to have given up those residences prior to the filing of the petition.

They assert, however, that this does not constitute proof in accordance with the quoted allegation of the petition.

As to their place of doing business, the proof is that on October 18, 1933, they entered into a lease of premises 168–04–20 Jamaica Avenue, Queens, but did not take possession until about November 18, 1933.

They opened a bank account in the Bank of Manhattan Company, and began to issue checks thereon as early as October 23, 1933.

They contracted for merchandise on October 28, 1933, to be delivered as per shipping instructions later to be received, and the first of these instructions seems to have been issued about November 20th.

The alleged bankrupts executed a deed of trust for the benefit of creditors on January 16, 1934, and have testified that since that time they have not conducted business. The deed of trust is construed, for present purposes, as a general assignment for the benefit of creditors, and therefore as an act of bankruptcy.

Samples of merchandise were delivered by one of the creditors to the alleged bankrupts on November 2, 1933, at the premises which were later opened as the place of business in question, although one of the alleged bankrupts testified that they had no possession of the said store at that time.

■ The circumstances shown as to the residence of the alleged bankrupts within this district for the greater part of six months preceding the filing of the petition are sufficient to confer jurisdiction upon the Court.

There seems to be no reported case involving facts similar to those under examination, and, while it would be difficult to conclude that the alleged bankrupts maintained the store for the greater part of six months prior to the filing of the petition, at the address in question, the fact is that they were constantly at the premises, supervising alterations and repairs, from the first of November, 1933, and it was therefore their principal place of transacting business until January 16th, following, and therefore the quoted allegation of the petition cannot be deemed to have been established by the evidence.

■ The evidence demonstrated, however, that the Court has jurisdiction over the alleged bankrupts by reason of their residence in this district for the statutory period; and, that fact having been shown, there is no good reason why the proceeding should be dismissed; if to accomplish this result it is necessary to deem the petition amended to conform to the proof, so as to include residential allegations, such amendment will be deemed to have been granted. In re Lange (D. C.) 97 F. 197.

Adjudication ordered.