## In re MALLOW HOTEL CORPORATION.

## In re WILKES–BARRE HOTEL CO.

### Nos. 9287, 9476.

District Court, M. D. Pennsylvania.
Jan. 25, 1937.

Frank P. Slattery, of Wilkes-Barre, Pa., for Mallow Hotel Corporation.

James P. Harris, Neil Chrisman, and Robert J. Doran, all of Wilkes-Barre, Pa., for Wilkes-Barre Hotel Company, debtor.

JOHNSON, District Judge.

This matter is before the court on exceptions to the special master's report recommending the revocation of an order consolidating the above proceedings for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

The Mallow Hotel Corporation leases and operates the hotel properties owned by the Wilkes-Barre Hotel Company. The Mallow Hotel Corporation filed its petition for reorganization under 77B of the Bankruptcy Act. The same was approved and trustees were appointed. Subsequently the Wilkes-Barre Hotel Company filed a petition for reorganization which was duly approved and the debtor permitted to remain in possession. One of the largest obligations of the Mallow Hotel Corporation is its indebtedness for rent to the Wilkes-Barre Hotel Company. The rehabilitation of either or both corporations depends to a great extent on a satisfactory adjustment of the leases and rentals.

The Wilkes-Barre Hotel Company formulated a joint plan of reorganization and petitioned this court to consolidate both proceedings for the purpose of effecting a reorganization of the Mallow Hotel Corporation and the Wilkes-Barre Hotel Company under the proposed joint plan of reorganization. On October 21, 1936, this court ordered that the two proceedings be consolidated for the purpose stated above and referred the matter to a special master directing him to hear the same as well as any other plan or plans of reorganization of either or both debtors. Subsequently a petition to revoke the order of consolidation was filed by the Mallow Hotel Corporation, signed by its president. The trustees of the Mallow Hotel Corporation, debtor, were not parties to this petition. Since the case had already been referred generally to a master, the petition to revoke the order of consolidation was also referred to him. He recommended that the order of consolidation be revoked for the reason that section 77B gives the court no power to make such an order. The matter is now before the court on exceptions to the special master's recommendations.

The attorney for petitioner, Mallow Hotel Corporation, concedes that the Wilkes-Barre Hotel Company might originally have filed its petition or answer in the Mallow Hotel Corporation proceeding in order to effect a joint reorganization with the Mallow Hotel Corporation. Section 77B(a), 11 U.S.C.A. § 207(a), so provides. However, it is contended that since the Wilkes-Barre Hotel Company did not so proceed, but instituted a separate proceeding, taking a different number, it must now proceed independently.

As a practical matter, the consolidation of these causes will create a more efficient and less expensive administration of the two corporations. It would be a mere duplication of hearings, time, effort, and expense to hold separate hearings in each proceeding since practically the same parties and attorneys are interested in each corporation; the same major question of the rentals and leases affects both corporations; and the reorganization of one corporation affects the other corporation. It appears that the plans of reorganization already formulated by each corporation either affected and included the other corporation or invited the other to join.

While section 77B(a), 11 U.S.C.A. § 207 (a), permits a lessor corporation to join in a reorganization proceeding already commenced by the operating and lessee corporation, it does not exclude the independent proceeding of the lessor corporation from being consolidated with the proceeding of the lessee. Rather, such result should follow from the broad interpretation to be given to section 77B. The power to consolidate causes of like nature to avoid unnecessary costs and delay is given generally by R.S. § 921, 28 U.S.C.A. § 734. The court therefore had the authority and was warranted in consolidating these two causes.

The order of consolidation cannot adversely affect the rights of any interested party in either of the corporations, since the requirements of section 77B must be met as to each corporation.

And now, January 25, 1937, the petition of the Mallow Hotel Corporation to revoke the order of consolidation is dismissed, the exceptions to the recommendations of the special master are sustained, and the special master is directed to proceed expeditiously with hearings on the joint plan of reorganization or any other plan or plans before him.