## In re ENJAY HOLDING CO., Inc.

District Court, S. D. New York.

Feb. 15, 1937.

William Roth, of New York City, for receiver.

Gettinger & Gettinger, of New York City, for petitioning creditor.

PATTERSON, District Judge.

The motion is by a receiver appointed by the state court to intervene in a bankruptcy proceeding, to vacate an adjudication in involuntary bankruptcy, and to dismiss the proceeding.

446

An involuntary petition in bankruptcy against Enjay Holding Company, Inc., a New York corporation, was filed in this court on December 3, 1936. The petition was filed by one creditor, Continental Bank & Trust Company, on a claim of $79,000. In the petition the petitioning creditor averred that the alleged bankrupt had its principal place of business at 10 East Fortieth street, city and county of New York, in this district, for the greater part of the six months preceding; that it had less than twelve creditors; that it was insolvent and had committed acts of bankruptcy within four months, three such acts being pleaded. On the same day subpœna returnable December 13th was served on one Hess, president of the alleged bankrupt corporation. No answer having been interposed, an order of adjudication was entered in ordinary course on December 21st and the case sent to one of the referees. Since then schedules have been filed, examinations under section 21a, Bankr.Act (11 U.S.C.A. § 44(a) held, and claims filed.

On January 27, 1937, one Sullivan made application for leave to intervene, for vacatur of the adjudication, and for dismissal of the proceeding. Sullivan is receiver of the bankrupt's property by appointment by a justice of the New York Supreme Court in supplementary proceedings brought in the New York Supreme Court, New York county, by one Kendall as judgment creditor against the bankrupt as judgment debtor. Kendall is the assignee of a claim by one Copeland, who is the real party in interest on the judgment. Sullivan became receiver on December 2, 1936. He had notice of the bankruptcy petition as early as December 7, 1936; the same is true of Copeland. The grounds for vacating the order of adjudication cover a wide range: that the bankrupt had twelve or more creditors, and consequently the petition should have been made by three creditors; that the petitioning creditor was estopped by past conduct from filing the petition; that the petition and verification were defective in form; that no act of bankruptcy had in fact been committed; that the court had no jurisdiction over the bankrupt. The moving papers contain material tending to prove these objections. The petitioning creditor submitted affidavits in contradiction.

1. The right to intervene in a bankruptcy proceeding is a right belonging to creditors. · The Bankruptcy Act in section 59f (11 U.S.C.A. § 95(f) provides for such intervention. Where the application for leave to intervene is made by a receiver of the bankrupt's property appointed by another court in behalf of a creditor or creditors, it is matter of' discretion with the bankruptcy court whether to permit intervention. In re S. W. Straus & Co., 67 F.(2d) 605 (C.C.A.2). A receiver is generally allowed to intervene, even after adjudication, where intervention is sought in order to prove that the bankruptcy court had no jurisdiction over the proceeding. In re San Antonio Land & Irrigation Co., 228 F. 984 (D.C.N.Y.); In re Pusey & Jones Co., 286 F. 88 (C.C.A.2), certiorari denied 261 U.S. 623, 43 S.Ct. 519, 67 L.Ed. 832. For the question of jurisdiction survives adjudication, and the court is interested to know whether it has been drawn into entertaining a case that was in reality beyond its jurisdiction. Since the receiver here desires to press alleged defects going to the jurisdiction of the court over the bankrupt, the prayer for intervention to that extent will be granted.

2. We pass to the grounds brought up for vacating adjudication. Those that go to the merits and to matters of form but do not touch the jurisdiction to make an adjudication in bankruptcy cannot be considered at this late day. It will be assumed that an adjudication in involuntary bankruptcy, like other judgments, will be opened on a plausible showing of defenses on the merits and excusable explanations for not interposing the defenses within the time fixed by the Bankruptcy Act (section 18b, 11 U.S.C.A. § 41(b). But, if we go thus far in favor of the receiver, his case fails because no adequate reason is shown why he or Copeland in whose interest he is primarily acting did not come in prior to adjudication and oppose the involuntary petition by motion to dismiss or by answer. They were aware of the involuntary petition in ample time to have intervened in opposition to it, yet they did nothing until long after adjudication. No mistake, surprise, fraud, or excusable neglect is shown. It follows that the questions whether the bankrupt had twelve or more creditors, whether the petitioning creditor was estopped to file the petition, whether one of the alleged acts of bankruptcy was committed, whether the petition or verification was irregular in form, are matters that will not be now inquired into. See In re First Nat. Bank, 152 F.

64, 11 Ann.Cas. 355 (C.C.A.8); In re Urban & Suburban Co., 132 F. 140 (D.C.N. J.); In re Tidewater Coal Exchange, 274 F. 1011 (D.C.N.Y.).

3. One of the points claimed to go to the jurisdiction is that the petition did not allege that the bankrupt was not a building and loan association; that for all that appears on the face of the petition the bankrupt may have been a building and loan association and therefore not amenable to bankruptcy. It is not claimed that the bankrupt is in fact a building and loan association. Concededly it is a corporation of the kind that may be proceeded against in bankruptcy. If the point had been raised before adjudication, the omission in the petition would surely have been cured by amendment, and manifestly the objection comes too late after adjudication. In re Columbia Real Estate Co., 101 F. 965 (D.C. Ind.); Dodge v. Kenwood Ice Co., 204 F. 577 (C.C.A.8).

4. The remaining point is that the bankrupt did not have domicile, residence, or principal place of business within the district for the greater part of the six months preceding the petition. If the facts brought forward sustain this point, the adjudication ought to be vacated and the proceeding dismissed for lack of jurisdiction. From the affidavits it appears that the bankrupt corporation was organized in 1922 under the laws of New York. One Hess was president and owned all the capital stock. For some years it was actively engaged in the real estate business. Its only place of business was in New York County, in this district. In 1931 or 1932 the corporation became insolvent and transferred all its assets except certain choses in action. Since that time its books have been at the office of its accountants, which is in this district, and its place of business has been whatever office Hess happened to have, his office having always been in this district. Hess is still president of the corporation. For the past year its business seems to have been nothing beyond participating in the litigation in New York county which led to the filing of the bankruptcy petition. It appears that on an occasion in 1932 the bankrupt alleged in a pleading that its headquarters were in Richmond county, which is not in this district; but it is clearly shown and is not disputed that in fact the bankrupt never had a place of business in Richmond county. .

Territorial jurisdiction over a bankrupt depends on whether the bankrupt had domicile, residence, or principal place of business within the district for the greater part of the six months next preceding the filing of the petition. Bankruptcy Act, § 2 (11 U.S.C.A. § 11). Any one of the three, domicile, residence, or principal place of business, is jurisdictionally sufficient. Remington on Bankruptcy, § 38. As for the principal place of business, it is certain that the bankrupt had none elsewhere. If it had any principal place of business, the place was here. In re Guanacevi Tunnel Co., 201 F. 316 (C.C.A.2). While the bankrupt's affairs had not been active for some years, I am inclined to the view that the principal place of business of the bankrupt for the six months preceding the bankruptcy petition was located in the office or at the desk of Hess, its president, within this district. In re Munger Vehicle Tire Co., 159 F. 901 (C.C.A.2). See, also, Royal Indemnity Co. v. American Bond Co., 289 U.S. 165, 169, 53 S.Ct. 551, 553, 77 L.Ed. 1100; In re E. & G. Theatre Co., 223 F. 657 (D.C.Mass.) But in any event it is plain that the bankrupt's domicile was in this district. For purposes of jurisdiction in bankruptcy the domicile of a corporation is in the state to the laws of which it owes its existence. Dryden v. Ranger Refining & Pipe Line Co., 280 F. 257 (C.C.A.5); In re Hudson River Navigation Corporation, 59 F.(2d) 971 (C. C.A.2); In re Devonian Mineral Spring Co., 272 F. 527 (D.C.Ohio). The domicile persists although the corporation may have ceased to do business. In re Denton & Haskins Music Pub. Co., 10 F.Supp. 802 (D.C.N.Y.). The domicile of the bankrupt, originally fixed in this district, was never shifted to any other district. Hovland v. Farmers' State Bank, 10 F.(2d) 478 (C.C.A.8).

On the matter of domicile and principal place of business, there is significance in the fact that the receiver who is attacking the jurisdiction of the bankruptcy court was appointed in the course of supplementary proceedings pending in New York county against the bankrupt as judgment debtor. The supplementary proceedings were commenced in late 1935. Under New York law supplementary proceedings may be commenced only in the county where the judgment debtor resides or has a place of business. It is clear, therefore, that the state court appointed the receiver on a finding that the bankrupt's residence or place of business was within this district, and that the receiver's title and

capacity come from such a finding. It is not contended that the residence or place of business of the bankrupt in 1936 was different from its residence or place of business in 1935, or that any material change in its business took place in the interval. Whether or not the receiver is estopped to assert that the bankrupt did not have residence or principal place of business in this district, the finding of the state court to the effect that residence or place of business was in this district is a fact entitled to consideration.

There was jurisdiction in this court to entertain the bankruptcy proceeding and to pass an order of adjudication. The receiver's application for vacating and dismissing will be denied. There is no need now to decide whether the state court receiver may retain the assets as against the trustee in bankruptcy.