Jones, P. J.
The plaintiff corporation is a foreign one and could at common law maintain this action. The British Americcm Land Co. vs. Ames, Jr., 6 Met. 391.
But Sec. 2, c. 18 of General Laws of Massachusetts, provides that a foreign corporation, such as is the plaintiff, “shall not engage or continue in any kind of business in this Commonwealth” excepting under certain conditions. The defendant in its answer alleges, in regard to this matter, simply:— “a denial of the right of the plaintiff corporation to use the courts of this Commonwealth”.
We must, therefore, decide in the first instance whether this defence is open to the defendant under its answer.
*434 We do not understand that a foreign corporation is forbidden by this statute to enter an action in our county, but it is not allowed to have a judgment unless it has complied with the statute in question. The first question, therefore, to be determined, is whether or not the answer, as quoted above, properly sets up any lack of authority in the plaintiff to maintain this action.
'The answer in this respect sets up, in form at least, a plea in abatement to this action by this denial, as well as a plea in bar.
The validity of those pleas is not affected by being pleaded together. And the fa'pt of answer to the merits of the action at the same time as is pleaded the abatement, does not operate as a waiver of the plea in abatement. O’Loughlin vs. Bird, 128 Mass. 600. Voss vs. Sylvester, 203 Mass. 233. And the defendant was not bound to make the plea, under consideration by way of only abatement, but had the right to make it by way of answer. Gen. Laws, c. 231, §20. Young vs. Providence & Stonington S. S. Co., 150 Mass. 559.
'The trial judge found himself unable to find that the plaintiff maintained an usual place of business in this Commonwealth or was permanently or temporarily engaged in business in this Commonwealth, requiring it to register with the corporation department, under c. 181 of the General Laws. However, under the pleadings, the question whether or not the plaintiff had a right to maintain an action in the courts of this Commonwealth is not now open to the defendants.
G. L. c. 231, §§ 25, 26, 27 and 28, provide that an answer “shall deny in clear and precise terms every substantive fact intended to be denied”; and it has been held that a plea in the nature of a plea in bar can be allowed to be filed, as an amendment to a defendant’s answer, and then dealt with. DiRuscio vs. Pepoli, 269 Mass. 482-486.
*435 However, we think the answer in this particular case failed to set up in “clear and precise terms” the fact that the plaintiff corporation was not entitled to use our courts for the collection of its claim, is required by c. 181 of the General Laws, the language used in this respect being far from clear and precise, as required by the statute quoted.
A foreign corporation has the right, as we understand, to use our courts to collect a claim if the claim is for goods sold in Interstate Commerce. International Text Book Corporation vs. Pigg, 217 U. S. 54.
And a foreign corporation, even if not within the provisions made for a corporation doing an interstate business, is not forbidden from entering an action, but simply from maintaining or recovering in any action in our courts so long as it fails to comply with this statute. National Fertilizer Co. vs. Fall River Five Cents Savings Bank, 196 Mass. 458. And in the latter case, in considering this statute, the Court said:
“Using the words in their ordinary significance ‘maintain’ carries a different meaning from ‘institute’ or ‘begin’, and implies that an action must be begun before it can be maintained.”
By these words and this construction of the saime by our Supreme Judicial Court, it is thus clearly seen that, even if this plaintiff be held not engaged in interstate business it is bound to file, as required, with our Commissioner of Corporations, certain papers before it can maintain this action, yet it can enter the case and later file such papers as may be required. If the pleadings do not so require, as in this instance, the ease can proceed to judgment.
It, therefore, plainly appears that the defendant’s answer is only a denial of the plaintiff’s right to use the courts of this Commonwealth at all, while such use is clearly allowed.
The plaintiff is, therefore, rightfully in court.
*436 Friedenwald Co. vs. Warren, 195 Mass. 432, is a good illustration of a foreign corporation maintaining an action under the same conditions as we have here. The defendant in the latter case sought to aimend an original answer, setting up only a general denial, by adding in substance, that the plaintiff was transacting business within this Commonwealth in violation of Secs. 53, 60, and 66 of Ch. 437 of the Acts of 1903, re-enacted Rev. St. c. 181, (the same as here involved), which amendment was disallowed. And in this case it was held in effect that such matter, as the defendant is here attempting to set up, is matter which should have been pleaded in abatement, and the court used this language on page 435, quoting from Mulry vs. Mohawk Valley Insurance Co., 5 Gray, 541, 543.
“Whenever a defendant intends to rest his defence upon any fact which is not included in the allegations necessary to the support of the plaintiff’s case, he must set it out in clear and precise terms in his answer ; and as the plaintiff is not bound to aver anything which tends to defeat his action, or which shows that his claim is illegal or void in its inception or otherwise, all such matters must be set out and averred in the answer.”
The court, in National Fertilizer Co. vs. Fall River Five Cents Savings Bank, 196 Mass. 458, in passing upon this same statute, at p. 462, says:
“The effect of the statute is, therefore, when non-compliance with its terms is seasonably and properly pleaded, to stay proceedings until the temporary disability is removed, which can be done at any time after, as well as before, resort to the courts.”
And, the opposite rule is that when there is a failure to properly set up the fact that a plaintiff such as this cannot maintain the action by reason of the statute in question, the judgment obtained is perfectly sound and of binding force. E. & G. Theatre Co. v. Greene, 216 Mass. 171. Milimather *437 Mfg. Co. vs. Johnson, Municipal Court of Boston, No. 337, 838; 40-153.
We see no error in the refusal of the rulings requested. Bequest 5,
“The undertaking of the plaintiff, in the contract upon which it declares, to provide understandable instruction in commercial art means instruction understandable to the particular student whom the contract concerned.”
was properly refused, as we think it does not correctly state the law. If the contract was one that should be understood by a person of ordinary intelligence, we can see no reason why it was not sufficient.
Bequest 7,
“By virtue of the contract upon which the plaintiff declares, the plaintiff became a fiduciary as to the student for whose benefit the said contract was made and to whom the plaintiff was to give educational instruction, and breach by the plaintiff of its duties as such fiduciary bars its right to recover in this action.”
was properly refused, as it cannot be said that the parties stood in any fiduciary relation to each other. Their relations, under the agreement, were contractual only; and there was no error in the denial of request numbered 8,
“If the person empowered by the plaintiff to solicit the contract upon which the plaintiff declares made materially false representations as to what the plaintiff would provide under said contract, which representations induced the defendant to enter into said contract, then the plaintiff cannot recover in this auction.”
as the trial judge found that the defendant did not enter into the contract by the use of any false representations.
We have quoted the trial judge’s full and explicit findings regarding the facts in this cajse. Finding no error, the report will be dismissed.