## In re PILGRIM PLUMBING SUPPLY CORP.

United States District Court
S. D. New York.
Nov. 17, 1953.

Robert Goldstein, New York City, for alleged bankrupt.

Otterbourg, Steindler, Houston & Rosen, New York City, for petitioning creditors.

Young, Balbach, Tilford & Lewis, New York City, for petitioning creditors, by Arnold R. Lewis, New York City, of counsel.

GODDARD, District Judge.

This is a motion by the alleged bankrupt corporation to dismiss the involuntary petition in bankruptcy filed on September 23, 1953. It is alleged that the court in this district is without jurisdiction and that the petition is defective on several grounds.

The alleged bankrupt was and still is a New York corporation, its place of business is or was in the Borough of the Bronx, New York City. On or about June 12, 1953, it moved its assets from New York to Tampa, Florida, and currently its officers and assets are located in Florida, though it has not qualified to do business there. Bankrupt argues that, as a consequence, this court lacks jurisdiction.

Title 11 U.S.C.A. § 11, sub. a provides that the courts of the United States are created courts of bankruptcy with jurisdiction to—

"(1) Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction, * * *."

 The statute speaks in the alternative and either principal place of business, residence, or domicile is sufficient to give territorial jurisdiction over a bankrupt. Fada of New York, Inc., v. Organization Service Co., 2 Cir., 1942, 125 F.2d 120, 121; In re Enjay Holding Co., Inc., D.C., 18 F.Supp. 445, 447.

The alleged bankrupt asserts that it is now a Florida domiciliary. However, it is clear that a corporation has its domicile in the place where it is incorporated, even though it may have ceased to do business there or do business elsewhere. Shaw v. Quincy Mining Co., 145 U.S. 444, 450, 12 S.Ct. 935, 36 L.Ed. 768; Ex parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853; In re Hudson River Nav. Corp., 2 Cir., 1932, 59 F.2d 971, 973; In re Triton Chemical Corp., D.C., 46 F.Supp. 326, 328 [footnote 1]; In re Enjay Holding Co., Inc., supra. Since the alleged bankrupt is domiciled in this district, this court has jurisdiction.

It is alleged that the petition is defective because the acknowledgement of I. S. Knorf, an officer of one of the petitioning creditors, was taken by his attorney. This has been held to be permissible. In re Skurat, D.C., 14 F.2d 490, 493; 2 Collier on Bankruptcy, 14th Ed., 253.

It is said that the petition is defective because of improper verification in that the acknowledgement of the Stalo Toilet Seat Co. shows that while it is stated that one partner made oath before a notary public to the truth of the facts in the petition, another partner signed the petition as having made the oath. This is obviously defective.

It is further charged that the petition is defective in that the acts of bankruptcy alleged in the petition do not set forth sufficient facts. The facts which a petitioner in an involuntary proceeding relies upon to establish the alleged acts of bankruptcy must be set forth with such particularity as to inform the debtor of the charges that he must meet. In re Heltman-Thompson Co., D.C., 83 F.Supp. 156. This petition is defective in that respect.

However, leave to amend such defects may be granted in the discretion of the court. Harris v. Mills Novelty Co., Inc., 10 Cir., 1939, 106 F.2d 976, 978; In re Carden, 2 Cir., 1941, 118 F.2d 677, 679; Glint Factors, Inc., v. Schnapp, 2 Cir., 1942, 126 F.2d 207; In re Heltman-Thompson Co., supra; 2 Collier on Bankruptcy, 14th Ed. 47, 81.

Motion to dismiss will be granted unless the petitioning creditors amend the petition within ten days.

Settle order on notice.