In the Matter of **FADA RADIO & ELEC-TRIC CO., Inc., Debtor.**

United States District Court
S. D. New York.
June 16, 1955.

Reich, Peller, Guadagno & Caine, New York City, for debtor. A. Alan Reich, Howard Shugerman, New York City, of counsel.

Weinstein & Levinson, New York City, for Advance Tool & Machine Co., Petitioner. Frank Weinstein, Samuel J. Levinson, Fred Newman, New York City, of counsel.

DIMOCK, District Judge.

A creditor moves for an order transferring this Chapter XI proceeding, 11 U.S.C. § 701 et seq., to the United States District Court for the District of New Jersey upon the ground that the case is laid in the wrong court of bankruptcy.

The debtor says that the case is not laid in the wrong court of bankruptcy and, even if it is, the interest of justice requires that it be retained in this court.

The pertinent statutory provisions involved have not yet been the subject of many reported cases. They are to be found in subdivisions (b) and (c) of section 32 of the Bankruptcy Act, title 11 U.S.C. § 55(b) and (c). Subdivision (a) of that section is an old provision for consolidation of two bankruptcy proceedings filed in different districts where each has jurisdiction. Subdivisions (b) and (c) are new, having been added in 1952. They read as follows:

"(b) Where venue in any case filed under this title is laid in the

wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.

"(c) The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer."

It will be observed that under subdivision (c) the judge "regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence" may transfer any case to another district "if the interests of the parties will be best served by such transfer." Thus I have no doubt of my power under subdivision (c) to transfer this case to the District of New Jersey if I should find that the interests of the parties would be best served by such transfer.

 Subdivision (b) is more restricted. Instead of being applicable to any case, it comes into play only where a case is "laid in the wrong court of bankruptcy" and even then the court is limited to a transfer "to any other court of bankruptcy in which it could have been brought." Thus subdivision (b) deals only with proceedings brought in the wrong district and gives power to transfer such a proceeding only to a district in which it could properly have been brought. Moreover, this can only be done in the interest of justice. That sounds as if Congress were directing that a case laid in the wrong district should stay there unless the interest of justice required that it be transferred to a district where it ought to have been brought. I cannot believe that that is the correct interpretation of the subdivision. A somewhat more reasonable interpretation is that the intention of Congress was to provide that a case laid in the wrong district

need not be dismissed if the interest of justice requires that it be transferred to a district in which it could have been brought. Still a third interpretation, and the interpretation which I adopt, is to be found in the report of the House Judiciary Committee which accompanied the bill, House Report No. 2320 on S.2234, 82nd Cong. 2d Sess. 1952. It deals with this subdivision (b), referring to it as the first of the subdivisions which the bill proposed to add, and says "Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy. * * * Ordinarily, no doubt the venue rules in bankruptcy will serve the interest of justice, but in the event that in a special case they do not, the judge will have discretion to retain the proceeding."

Thus we have subdivision (c) which permits a transfer of a case "if the interests of the parties will be best served" and subdivision (b) which, as interpreted in the report of the House Committee, permits the retention of a case in the wrong district "in the interest of justice". The whole field is thus covered. A case rightly or wrongly brought within a district may be *transferred* wherever convenience, represented in one case by the "interests of the parties" and in the other by the "interest of justice," requires. A case rightly brought within a district may, of course, be *retained* there if the interest of justice requires and, under subdivision (b), a case wrongly brought within a district may be *retained* there if the interest of justice requires.

The moving creditor, in support of its motion, says that this case is laid in the wrong court of bankruptcy and that therefore, under subdivision (b), the court should transfer the case to the bankruptcy court of the District of New Jersey where the debtor had its principal place of business and in which, therefore, the case could have been brought. The moving creditor supports that plea by the further statement that the interest of justice does not require the retention of the case in the wrong district in which it

has been filed. Finally, the moving creditor says that, even if the district in which the case is laid, the Southern District of New York, is the right district, the court should transfer it to the District of New Jersey under subdivision (c) because the interests of the parties will be best served by such transfer.

■ The moving creditor is right in its claim that the case is laid in the wrong court of bankruptcy. Section 2 of the Bankruptcy Act, title 11 U.S.C. § 11, provides as follows:

"(a) The courts of the United States * * * are hereby invested, * * * with such jurisdiction * * * as will enable them * * * to—

"(1) Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, * * *."

The debtor's petition alleges that it is a New York corporation "and has had its domicile within the territorial jurisdiction of this Court, with a residence and domicile at 262 Central Park West, City of New York and its factory in Belleville, New Jersey for the preceding six months or for a longer portion of said six months than in any other jurisdiction."

As a matter of fact, the certificate of incorporation of the debtor gives the location of its principal office as the Borough of Queens, City of New York and County of Queens, and states that process may be served on the Secretary of State and that any such process is to be sent to Jacob M. Marks, 30–20 Thompson Avenue, Long Island City, New York. The address given in the petition, 262 Central Park West, City of New York, is the address of debtor's president, Jacob M. Marks, who resides there, occupying the penthouse. He is listed in the telephone directory as a resident of 262 Central Park West, with an office at 525 Main Street, Belleville, New Jersey. The telephone books for Queens, Bronx, Brooklyn and Manhattan all list the debtor as of 525 Main Street, Belleville,

New Jersey, without any listing for it at 262 Central Park West.

The debtor makes no contention that its principal place of business is within this district. It makes no contention that its principal office as registered with the Secretary of State of this state is within this district. It does contend, however, that its domicile is the State of New York and that it is thus entitled to bring a bankruptcy proceeding in any of the federal judicial districts in the State of New York. For this it relies upon three cases, In re Denton & Haskins Music Pub. Co., D.C.S.D.N.Y., 10 F.Supp. 802, In re Enjay Holding Co., D.C.S.D.N.Y, 18 F.Supp. 445 and In re Pilgrim Plumbing Supply Corp., D.C.S.D.N.Y., 123 F.Supp. 823, in all of which the courts said that the domicile of a corporation was in the state where it was incorporated. None of these decisions, however, says that the domicile is in every part of the state. In none of these cases was any contention made that a bankruptcy case could be laid in any and every district in the state in which it was incorporated. The correct rule is, of course, that stated by District Judge Westenhaver in In re Devonian Mineral Spring Co., D.C.N.D. Ohio E.D., 272 F. 527, 530, where he said, "It being admitted that the bankrupt company is a corporation organized under the laws of Ohio, and this district being the only one in which it had an office or did business, clearly 'the debtor has his domicile' in this district."

■■ This then is a case "laid in the wrong court of bankruptcy". The question then is whether "in the interest of justice" it should remain here or whether I should transfer the case to some "other court of bankruptcy in which it could have been brought."

Under the letter of the statute, the only courts of bankruptcy in which a case can be brought where a corporation is involved are the courts where it has had its principal place of business for the preceding six months or where it has had its domicile for the preceding six months. The debtor has had its domicile in Queens County in the Eastern District of New York for the preceding six months but

neither party contends that the case should be transferred to that district. The competing claims are those of this Southern District of New York, where the case has been wrongly laid, and the District of New Jersey, a district where the case could have been brought because of the fact that the principal place of business of the corporation has been within that district for the preceding six months.

The debtor's reasons for saying that the interest of justice requires the retention of the case in the New York district are these. First, the debtor keeps its bank account with a bank in New York except for an account in New Jersey used for payroll purposes. Second, it has been the debtor's custom to factor all of its accounts receivable with a factor located in New York within this district, and the factor is the only secured creditor and its counsel practices within this district. Third, the debtor's sales are not restricted to the New Jersey market. Fourth, the debtor has selected counsel practicing in this district to represent it. Fifth, the sole stockholder and president of the debtor is a resident of this district. Sixth, a group, calling themselves an unofficial creditors' committee, which includes a majority in amount of the claims, desires that the case remain in this district. Seventh, the labor union to which the debtor's employees belong has its offices in this district and its counsel practices in this district. Eighth, it is the practice in the New Jersey district to appoint a receiver in cases such as this and the debtor is engaged in the performance of important Government contracts and the appointment of a receiver might interfere with the completion of those contracts.

On the other side of the picture we have the all-important fact that the actual conduct of the business will be carried on in the District of New Jersey. The debtor is engaged in business as a manufacturer of television and radio sets. It occupies a large factory and office at 525 Main Street, Belleville, New Jersey, under a lease dated June 7, 1954, expiring June 30, 1959, at an annual rental of over $72,000. It occupies about 100,000 square feet of space and employs several hundred persons at that plant and office. All of the books and records of the debtor are located at that office and all of its officers there transact its business. All telephone calls of the debtor are made to and from that office. The petition alleges that the assets of the debtor as of March 31, 1955, amounted to $2,451,137 and that its liabilities amounted to $1,604,945. The list of creditors filed with the petition enumerates 363 with addresses as follows:

| | | | |
|---|---|---|---|
| 79 | having addresses in | | New York City |
| 14 | " | " | " New York State (other than New York City) |
| 147 | " | " | " New Jersey |
| 123 | " | " | " other states. |

It is apparent that if the case had originally been laid in the District of New Jersey and an application had been made to transfer it to the Southern District of New York on the ground that the interests of the parties would be best served by such transfer the application would have received short shrift. It seems to me that the debtor must make at least as strong a case for retaining the proceedings in the unauthorized New York district as would have been necessary to warrant a transfer to the unauthorized New York district from the district of New Jersey.

It was natural that, when the proceeding was begun in this district, New York counsel would have appeared for the debtor and creditors and that the labor union would have appeared by New York counsel. Perhaps if the moving creditor had by delay permitted that condition to build itself up it might be urged that the avoidance of the inconvenience of a change of counsel would be part of the interest of justice to be considered on the side of retention of the proceedings in this district. The moving creditor, however, proceeded with great promptness. If the financial arrangements of corporations were to be regarded as controlling in fixing the district for their bankruptcy proceedings, the already overloaded cal-

endars of this court would break down under the additional weight. The facts that the debtor has a market within this district and that the owner of all its stock has lived here have no significance whatever with respect to the convenience of the administration of these proceedings in this district. The officers of the labor union from their office in New York can reach the Federal Court in Newark with substantially the same convenience as they can attend the Court House of this district.

Counsel for the debtor demurely say in their brief, "It is not debtor's intention to criticise or pass upon the merits of the practice employed in the District Court in New Jersey." It is not surprising that they felt that something of this sort was required. It would take more than that to excuse a contention that the United States District Court for the Southern District of New York should retain a case wrongly brought before it, in order to avoid a differing mode of administration in a district where it could rightfully have been laid.

I direct the transfer of the case to the District of New Jersey.