**In the Matter of HUDIK–ROSS CO., Inc. (New York), Hudik-Ross, Inc. (New Jersey), Debtors.**

United States District Court
S. D. New York.
Oct. 26, 1961.

Handelsman, Arutt & Knox, New York City, Samuel A. Arutt, New York City, of counsel, for debtors.

Weinstein & Levinson, New York City, for Hackensack Plumbing Supply Co., a creditor of Hudik-Ross, Inc.

Krause, Hirsch, Gross & Heilpern, New York City, for Bergen Travel Agency, a creditor.

McGOHEY, District Judge.

Two motions herein which were argued together are here considered. One seeks dismissal of the petition for lack of jurisdiction; the other seeks transfer to the United States District Court for the District of New Jersey of so much of the proceedings as relates to Hudik-Ross, Inc. The motion seeking dismissal will be considered first.

The contention is that there being no specific authority in the Bankruptcy Act for the filing of a joint petition by two corporations for an arrangement under Chapter XI, 11 U.S.C.A. § 701 et seq., the court is without jurisdiction to entertain the instant petition.

While in the motion seeking transfer some of the allegations of the petition are controverted, for the purpose of this motion attacking jurisdiction the allegations of the petition must be taken as true. The petition alleges that the two corporations are engaged in the business of mechanical contracting (more specifically, the installation of heating and air-conditioning systems). Hudik-Ross Co., Inc., is organized under the laws of New York and has its principal place of business at 321 West 44 Street, New York City. Hudik-Ross, Inc., is organized under the laws of New Jersey:

"* * * however, its books of account and records and the general operation of its affairs are managed from the premises occupied by its related corporation. Both corporations are owned by the same stockholders and their affairs are managed by the same officers and general manager. Its affairs and financing are so intertwined that for the purpose of this arrangement we respectfully request that they be considered as one unit."

No attempt is made in the affidavit and schedules accompanying the petition to distinguish the affairs of these two corporations. Two separate lists of creditors are annexed, but the "ten largest creditors" are listed in the affidavit without regard to which, if not both, corporations are indebted to them. The summary of liabilities and assets is a "combined" one. The papers throughout refer to one "business" conducted by two "debtors." Two filing fees were paid but one number assigned, and in this form some proceedings have already been had before a referee.

The objection that this procedure is unauthorized and improper is well taken. This, indeed, is conceded. Section 322 of the Bankruptcy Act, 11 U.S. C.A. § 722, authorizes the filing of a petition only by "a debtor." There is no provision in the Act for the filing of a joint petition by more than one debtor except when filed by a partnership and one or more or all of the general partners. Bankruptcy Act section 5, sub. b, 11 U.S.C.A. § 23, sub. b. The latter, of course, is quite a different matter from a single petition by two corporations. A petition filed in behalf of a partnership and one or more of its general partners presents only one "case," although more than one estate. A petition filed by two corporations, however, would present two "cases." See 8 Collier on Bankruptcy, section 4.09. It seems clear, therefore, that here two petitions should have been filed and two case numbers assigned rather than one.

In opposition to the motion, it is urged that the situation here should be viewed no differently than a misjoinder of parties in an ordinary civil action, and no cogent reason has been suggested why this is not so. The motion to dismiss is made by an apparently minor creditor of one of the corporations (in the same spirit as the petitioners, it does not identify which one); it states simply and without any supporting evidence that it and other creditors of only one of the debtors are "severely prejudiced" by the consolidated petition. It does not appear why this prejudice, if any, cannot be cured by the filing now of separate petitions and the subsequent treatment of these corporations as more clearly separate entities. On the other hand, dismissal of this petition may well severely prejudice all remaining creditors and the debtors also.

The Federal Rules of Civil Procedure are applicable to proceedings under the Bankruptcy Act to the extent that they are not inconsistent therewith. General Order 37, 11 U.S.C.A. following section 53. The provision of Civil Rule 21 that "misjoinder of parties is not ground for dismissal of an action" in no way appears inconsistent with the Act. General Order 11 expresses a policy of liberal allowance of amendments to petitions, even to cure jurisdictional defects. See In re Sokol, D.C.E.D.N.Y.1934, 6 F. Supp. 431.

Accordingly, the motion to dismiss is denied. The petitioning corporations will be allowed to effect a severance

by the filing of separate, amended petitions, the amendments to be deemed retroactive to the date of the filing of the original petition. See Federal Rules of Civil Procedure, Rule 15(c), 28 U.S.C.A.

The second motion is brought pursuant to section 32 of the Bankruptcy Act, 11 U.S.C.A. § 55, and seeks to have the proceeding relating to Hudik-Ross, Inc. (N.J.) transferred to the District of New Jersey.

The applicable subsections of section 32 provide:

"(b) Where venue in any case filed under this [Act] is laid in the wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.

"(c) The judge may transfer any case under this [Act] to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer."

■ Read together, these sections give the court wide latitude. "The whole field is thus covered. A case rightly or wrongly brought within a district may be *transferred* wherever convenience, represented in one case by the 'interests of the parties' and in the other by the 'interest of justice,' requires. A case rightly brought within a district may, of course, be *retained* there if the interest of justice requires and, under subdivision (b), a case wrongly brought within a district may be *retained* there if the interest of justice requires." In re Fada Radio & Electric Co., D.C.S.D.N.Y.1955, 132 F.Supp. 89, 90 (italics in original).

■ There is no question but that the New Jersey district is one where Hudik-Ross, Inc. (N.J.) could have rightly filed its petition in the first instance. Having been organized under the laws of New Jersey, that state is the place of its "domicile" under section 2, sub. a(1) of the Act, 11 U.S.C.A. § 11, sub. a(1). In re Pilgrim Plumbing Supply Corp., D.C. S.D.N.Y.1953, 123 F.Supp. 823, and cases cited therein. What must be determined is, whether filing here in the first instance was also correct. For if it was not, the burden will then be upon the debtor to show that the interest of justice requires that it be retained here. "It seems to me that the debtor must make at least as strong a case for retaining the proceedings in the unauthorized New York district as would have been necessary to warrant a transfer to the unauthorized New York district from the district of New Jersey." In re Fada Radio & Electric Co., supra, 132 F.Supp. at page 92.

The creditor seeking transfer contends that the principal place of business of Hudik-Ross, Inc., is not in New York but in New Jersey. The facts, which are stipulated by the parties, on which it bases this conclusion are these: that Hudik-Ross, Inc., occupies one-story factory premises and two-story offices at 171 Atlantic Street, Hackensack, N. J., under a lease expiring June 30, 1963, at a rental of $600 per month, and at which it employs about 38 persons; that the debtor's letterheads, purchase orders, etc., bear the New Jersey address only; that the debtor is listed in telephone directories at the New Jersey address only; that the debtor pays its federal and state taxes in New Jersey and has its bank account there; that the New York offices are listed in telephone directories, on stationery, and on the office door as occupied by the New York corporation only.

Against this, the debtor claims that the New York office is the "nerve center of its control and operation." A creditor opposing transfer states: "The troubles of the businesses of the above named debtors was not managing, but financial, and the heart and the body of such troubles was in New York. The debtors operated their businesses in different states, but it was from the New York

offices that its [sic] officers directed, controlled, and coordinated the activities of the debtors." But all that appears in support of the foregoing is that Frank Hudik, the president and main stockholder of both the New York and New Jersey corporations, spends 70% of his time at the New York office. No attempt is made to estimate how much of that time is spent in the affairs of each corporation. The location of the corporation's books and records is not quite clear. The petition alleges that the "books of account and records * * * are managed" from the New York premises. The joint statement of affairs declares simply that the books—presumably those of both Hudik-Ross corporations—are in "debtor's possession."

There is some conflict in the cases as to whether the principal place of business is located at the general executive offices where the business affairs of the corporation are managed, or in the district of the factories, mills, or main assets of the corporation. 1 Collier, Bankruptcy section 2.19 (14th Ed. 1956). However, in the cases usually cited for the former proposition, there does not seem to have been any business at all to speak of in the contending district. See, e. g., In re Marine Machine & Conveyor Co., D.C. S.D.N.Y.1899, 91 F. 630 (factory had been shut down); In re Guanacevi Tunnel Co., 2 Cir., 1912, 201 F. 316 (mining corporation never operated a mine); Fada of New York, Inc. v. Organization Service Co., Inc., 2 Cir., 1942, 125 F.2d 120. In In re Flexton Corp., 2 Cir., 1953, 208 F.2d 869, and In re Hudson River Nav. Corp., 2 Cir., 1932, 59 F.2d 971, both the executive offices and the main assets were located in the same district. In re Fada Radio & Electric Co., D.C.S.D. N.Y.1955, 132 F.Supp. 89, is not controlling on this question, for there it was conceded that the principal place of business was not in the district where the case was brought.

The Third Circuit, in a case arising under the diversity statute, 28 U.S.C. § 1332(c), regarded "nerve center" as a "pleasant and alluring figure of speech"

and rejected that test, holding that "it is the activities rather than the occasional meeting of policy-making directors which indicate the principal place of business." Kelly v. United States Steel Corp., 3 Cir., 1960, 284 F.2d 850, 853.

But even if a "nerve center" test were to be followed here, this case would not pass it. It is stated throughout that all the debtor's financial arrangements, which appear to be the source of its troubles, were directed from the New York offices. Wherever they may have been "directed" from, and in whatever way, they appear to have been entered into in New Jersey. A statement of repaid loans lists ten loans, all to the New Jersey debtor or its officers, made by three banks and two individuals, all from New Jersey. There is no indication that any correspondence was ever addressed to Hudik-Ross, Inc., at the New York office, or that it would be delivered if it had. How a corporation can maintain a "nerve center" apart from where it receives its mail, or where those with whom it dealt apparently never went to find it, is hard even to imagine. The argument amounts to no more than that Mr. Hudik (incidentally, a New Jersey resident) maintains his office "in his hat," which he hangs in New York 70% of the time. The determination of venue in a bankruptcy proceeding should be based on something more substantial than that.

For all of the foregoing reasons I hold that the petition as to Hudik-Ross, Inc., was improperly filed in this district. It remains, then, to determine whether, despite this, it should be retained here in the interest of justice.

Among the factors entering into a determination of the forum of greatest convenience are: "(1) proximity of creditors of every kind to the court; (2) proximity of the bankrupts to the court; (3) proximity to the court of the witnesses necessary to the administration of the estate; (4) location of the assets; and (5) the economic * * * administration of the estate." In re Triton Chemical Corp., D.C.D.Del.1942, 46 F.Supp. 326, 329.

The proximity of the debtor and of witnesses to the court need not bother us. Besides the fact that Newark is as convenient as New York City to anyone, no matter where located, it is also a fact that the main officers of Hudik-Ross, Inc., are New Jersey residents. The debtor's assets are chiefly located in New Jersey.

Because of the joint petition and schedules, it is not easy to segregate the creditors of Hudik-Ross Co., Inc., from those of Hudik-Ross, Inc. The "ten largest creditors," as noted earlier, are listed in the affidavit without specification as to which, if not both, corporations are indebted to them and, if both, in what amounts for each. However, from the lists of all creditors annexed to the petition, the following breakdown can be made:

| Creditors of Hudik-Ross Co., Inc. | | Hudik-Ross., Inc. | |
| --- | --- | --- | --- |
| New York | 108 | New Jersey | 130 |
| New Jersey | 14 | New York | 65 |
| Pennsylvania | 5 | Pennsylvania | 13 |
| Connecticut | 3 | Connecticut | 5 |
| Missouri | 3 | Missouri | 4 |
| Massachusetts | 1 | Massachusetts | 3 |
| Michigan | 1 | Michigan | 1 |
| Maryland | 1 | Ohio | 2 |
| Wisconsin | 1 | Wisconsin | 4 |
| Indiana | 1 | Indiana | 3 |
| Rhode Island | 1 | Illinois | 4 |
| Washington, D. C. | 1 | Washington, D. C. | 1 |
| Minnesota | 1 | Minnesota | 3 |
| | | Virginia | 1 |
| | | California | 2 |
| | | Oklahoma | 1 |
| | | Texas | 1 |
| | | Alabama | 1 |
| | 141 | | 244 |

Thirty-two creditors are named on both lists, of which sixteen are located in New York, eight in New Jersey, and eight in other states. Of the "ten largest creditors" appearing in the affidavit, four (totaling $73,470) appear on both lists. Two of these are located in New Jersey, one in New York and one in Pennsylvania; three (totaling $71,533.92) appear only on the list of the New York corporation's creditors, and three (totaling $55,394) are listed only for the New Jersey debtor.

It is, at least, clear that the New York debtor has many more creditors from New York than from New Jersey, while the reverse is true of the New Jersey debtor. Further, of Hudik-Ross, Inc.'s 130 New Jersey creditors, probably 122 have no interest in the proceedings relating to the New York corporation. From this standpoint, therefore, it does not appear that the interests of the New Jersey corporation's creditors would be better served by a New York venue.

It is apparent from what has been said that if the New Jersey debtor stood alone there would be no good reason why the proceedings relating to it should not be transferred to New Jersey. It remains to be determined whether the "intertwined" relations of both debtors

requires that the proceedings relating to both be continued together in this district.

Section 129 of the Bankruptcy Act, 11 U.S.C.A. § 529, allows the coupling of parent and subsidiary corporations in a Chapter X proceeding. Such proceedings have also been consolidated, under the general equity powers of the bankruptcy court, where they involved separate corporations not having the relationship of parent and subsidiary but apparently being operated as a common enterprise. In re Schafer's Bakeries, D.C.E.D.Mich. 1955, 129 F.Supp. 82. No section of the Act comparable to section 129 relates to Chapter XI proceedings, nor has any reported case been discovered which treats this question in a Chapter XI proceeding. But section 129 was intended merely to overcome a venue obstacle, 6 Collier, Bankruptcy section 4.12 (14th Ed.1947), and such an obstacle can now be as easily overcome by the more recent general provisions of section 32. The reasons compelling such a procedure in a reorganization (see In re Mallow Hotel Corp., D.C. M.D.Pa.1937, 17 F.Supp. 877; In re Realty Associates Securities Corp., D.C. E.D.N.Y.1944, 55 F.Supp. 546) can be equally compelling in an arrangement.

Any arrangement, if it is to protect the creditors at all, will have to untangle the finances of both debtors. But it seems inevitable that the industrial activities of the two units will remain interdependent. It is the debtors' hope that, by the arrangement, they will be able to continue their respective businesses. The ground rules under which they will be allowed to do so will, presumably, be set forth in the plan of arrangement. Since the manner in which either of the debtors is allowed to remain in business must necessarily affect the other, it seems preferable that the arrangements for both be made under the supervision of one court.

Accordingly, the motion to transfer so much of the petition as relates to Hudik-Ross, Inc., is denied.

This constitutes the court's order. No other order need be submitted.