In the Matter of **NOVA SHOE COMPANY, Inc., Debtor.**

United States District Court
S. D. New York.
Oct. 25, 1962.

Ballon, Stoll, Shyman & Levine, New York City, for debtor; Harvey R. Miller, New York City, of counsel.

Krause, Hirsch, Gross & Heilpern, New York City, for G. R. Swartz Co., Inc., a creditor.

McGOHEY, District Judge.

This is a petition under section 32 of the Bankruptcy Act, 11 U.S.C. § 55, for the transfer of a Chapter XI arrangement proceeding to the District of Massachusetts.

The debtor, Nova Shoe Company, Inc., is a corporation duly organized and existing under the laws of Massachusetts. On September 4, 1962, it filed a petition for an arrangement pursuant to section 322 of the Bankruptcy Act, 11 U.S.C. § 722, in the Southern District of New York. Its petition alleged that its principal place of business was located in this district.

The petitioner is a corporation duly organized and existing under the laws of Massachusetts, and it alleges it is a general unsecured creditor of the debtor. It seeks transfer on the ground that the debtor's principal place of business is located not in New York but in Massachusetts, and that the case should have been brought in that district in the first instance.

■ It is unnecessary to decide whether the debtor's principal place of business is located in New York so as to confer jurisdiction under section 2, sub. a(1) of the Act, 11 U.S.C. § 11, sub. a(1), for the court finds that in any event this proceeding should be retained in this district "in the interest of justice" under section 32, sub. b, 11 U.S.C. § 55, sub. b. See In the Matter of S.O.S. Sheet Metal Co., 2 Cir., 297 F.2d 32; In re Fada Radio & Electric Co., D.C., 132 F.Supp. 89.

The debtor is engaged in the manufacture and sale of ladies' shoes, and its manufacturing plant is located in Haverhill, Massachusetts. But the debtor's troubles do not appear to have arisen primarily in connection with its manufacturing operations but are largely financial. The debtor's executive offices are in New York, and its officers and principal stockholders reside in the New York area. The financial records of the debtor are kept in New York. While it maintains payroll accounts in Massachusetts, the debtor's principal bank accounts, out of which all trade obligations are paid, are located in New York and Philadelphia.

■ The purpose of a Chapter XI proceeding is to obtain court approval of a financial arrangement which will permit an insolvent debtor to continue in business in such a manner as will be equitable, feasible, and in the best interests of creditors. In re Slumberland Bedding Co., D.C., 115 F.Supp. 39; In re Credit Service, Inc., D.C., 31 F.Supp. 979. These purposes appear in the process of realization in the proceeding pending in this district. An official Creditors Committee has been appointed pursuant to the Act, comprised of representatives of nine of the larger merchandise creditors. The Referee has entered orders allowing the debtor to remain in possession and to operate the business and manage the property of the debtor, pursuant to section 343 of the Act, 11 U.S.C. § 743. It appears, moreover, that the debtor's proposed plan of arrangement has been found acceptable to the Creditors Committee and is to be recommended by it for acceptance by all general unsecured creditors.

The petitioning creditor has made no showing that the "interest of justice" would be served by a transfer. Insofar as its contention is based upon the fact that a majority of the creditors is located in Massachusetts, it is overcome by the resolved preference of the Creditors Committee, five of whose nine members are located in Massachusetts, that the proceedings be retained in New York.

The petition is in all respects denied.

So Ordered.