### NAYLOR v. CANTLEY et al.
### No. 11024.

Circuit Court of Appeals, Eighth Circuit.

May 16, 1938.

Winstead Johnson, of Memphis, Tenn. (S. S. Hargraves, of Memphis, Tenn., on the brief), for appellant.

R. B. McCulloch, of Forrest City, Ark. (Ross Mathis, of Cotton Plant, Ark., and Burk Mann, of Forrest City, Ark., on the brief), for appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This controversy arises out of a refusal of the court below to administer in bankruptcy mortgaged lands belonging to the estate of a farmer debtor who, prior to the sale of his lands under foreclosure, had filed a petition under section 75 of the Bankruptcy Act as amended August 28, 1935, c. 792, 49 Stat. 942–945, 11 U.S.C. § 203, 11 U.S.C.A. § 203.

John W. Naylor was, at all times which are here material, the owner of a well mortgaged farm of some 555 acres in St. Francis county, Ark. The first mortgage ran to St. Louis Joint Stock Land Bank, the second mortgage to Fussell-Graham-Alderson Company, and the third mortgage to National Bank of Eastern Arkansas. In 1933, S. L. Cantley, as receiver of St. Louis Joint Stock Land Bank, commenced a suit in equity in the United States District Court for the Eastern District of Arkansas to foreclose the first mortgage. Pending foreclosure, the court appointed John W. Naylor, the debtor, and Paul H. Albers receivers of the mortgaged lands. On February 24, 1936, a decree was entered in the foreclosure suit adjudging that there was due upon the first mortgage $27,145.72 with interest and costs, ordering a sale of the land to satisfy this indebtedness, and ap-

pointing a special master to execute the decree. The special master gave notice that a foreclosure sale would be held May 7, 1936. On May 6, 1936, Naylor, as a farmer debtor, filed in the United States District Court for the Eastern District of Arkansas a petition under section 75 of the Bankruptcy Act as amended August 28, 1935, 11 U.S.C.A. § 203. This petition was approved by the court and referred to the conciliation commissioner. Notwithstanding the filing of the petition, the special master held the foreclosure sale on May 7, 1936, and, for $24,000, sold the lands in question to John W. Alderson, Jr., who, evidently on behalf of the second mortgagee, had purchased the rights of the first mortgagee. On May 22, 1936, the second mortgagee filed in the court of bankruptcy a petition asking that court to refuse to take jurisdiction of the mortgaged lands, on the ground that the debtor's petition had not been filed in good faith, that rehabilitation of the debtor was not feasible, and that section 75 of the Bankruptcy Act as amended was unconstitutional. Apparently this petition was not ruled upon.

On or about September 7, 1936, the debtor filed a petition in the equity suit, asking that the sale of the mortgaged lands to John W. Alderson, Jr., be not confirmed, and that the sale be vacated. On October 29, 1936, the court, as a court of equity, confirmed the foreclosure sale, overruled the debtor's exceptions to confirmation, and denied the petition of the debtor to vacate the sale. On January 25, 1937, the court ordered the receivers, appointed in the foreclosure suit, to pay over funds in their hands to G. B. Fogg, clerk of the chancery court of St. Francis county, Ark., to "hold the same for the account of the cause of John W. Naylor, plaintiff, versus John W. Alderson and John W. Alderson, Jr., and Fussell-Graham-Alderson Company." On March 6, 1937, P. H. Albers was discharged as a receiver. The debtor was directed by the court of equity to continue as receiver for the sole purpose of receiving and paying a rental for the year 1936.

On April 20, 1937, the debtor filed a petition in the bankruptcy proceedings, in which petition he asserted that all proceedings which had taken place in the foreclosure suit after the filing of his petition under section 75 were void. He prayed for an order directing S. L. Cantley, receiver, John W. Alderson, Jr., and the clerk of the chancery court of St. Francis county,

Ark., to show cause why the foreclosure sale, the special master's deed, and the order confirming sale should not be set side, and why the rents received by Alderson and by the clerk of the chancery court should not be paid over to the conciliation commissioner. The debtor also prayed "that said estate be administered by said conciliation commissioner, and for all other proper relief."

The court of bankruptcy thereupon issued the show-cause order prayed for in the petition, returnable on April 30, 1937. The appellees filed a response entitled in the equity suit, which, in effect, asserted that, the foreclosure sale having been confirmed over the objections of the debtor, the entire matter was res judicata, that the debtor had not come into the court with clean hands, and that his rehabilitation was not feasible. On May 27, 1937, the court of bankruptcy entered an order denying the debtor's petition of April 20, 1937, praying that his estate be administered in bankruptcy. This court allowed an appeal.

The single question presented is whether the United States District Court had jurisdiction to proceed in the foreclosure suit after the filing by the debtor of his petition under section 75 of the Bankruptcy Act as amended.

By the express provision of subsection (n) of section 75, 11 U.S.C.A. § 203(n), the filing of the petition subjected the debtor and all of his property to the exclusive jurisdiction of the court of bankruptcy, and, for the purposes of jurisdiction, was the equivalent of an adjudication in bankruptcy. By the provisions of subsection (o) of section 75, 11 U.S.C.A. § 203(o), "proceedings for foreclosure of a mortgage on land," if instituted prior to the filing of a petition, shall not be maintained in any court or otherwise against the farmer or his property after the filing of the petition, "except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner." In this case it is conceded that after the debtor filed his petition under section 75 no application to maintain the foreclosure proceedings was made to or granted by the judge of the court of bankruptcy in accordance with subsection (o).

The appellees contend that, since the bankruptcy proceedings and the foreclosure suit were both pending in the United States District Court for the Eastern District of Arkansas, and that since the same judge

had both matters in charge, the orders made and the things done by the court sitting as a court of equity are to be regarded as though made or sanctioned by the court of bankruptcy.

In Hanna v. Brictson Mfg. Co., 8 Cir., 62 F.2d 139, at page 145, this court pointed out that the equity jurisdiction of a federal court is something entirely separate and apart from its jurisdiction in bankruptcy; that the jurisdiction of a court of bankruptcy is exclusive with respect to all questions pertaining to bankruptcy and to the administration of insolvent estates in bankruptcy; that courts of bankruptcy are separate and distinct courts; that the exclusive jurisdiction of a court of bankruptcy cannot be surrendered; that attempts of other courts to interfere with the jurisdiction of courts of bankruptcy have been consistently resisted; that an adjudication of bankruptcy made by the court having jurisdiction of the bankrupt cannot be impeached collaterally; and that an adjudication, until vacated, is binding upon all parties to it. See, also, Cornwall Press, Inc., v. Ray Long & Richard R. Smith, Inc., 2 Cir., 75 F.2d 276. That the judge of a federal court sitting in equity can protect the rights of all parties as well as if he was sitting in bankruptcy is entirely beside the question. Hanna v. Brictson Mfg. Co., supra, page 146; Moore v. Scott, 9 Cir., 55 F.2d 863, 865; Silberberg v. Ray Chain Stores, Inc., 3 Cir., 58 F.2d 766, certiorari denied Winne v. Siberberg, 287 U.S. 631, 53 S.Ct. 83, 77 L.Ed. 547.

Since, under the provisions of section 75 of the Bankruptcy Act as amended, the court of bankruptcy was, upon the filing of the petition, vested with the sole and exclusive jurisdiction of the debtor and his property, and since that court could not surrender its jurisdiction to any other court, it was incumbent upon the court of bankruptcy to administer the estate of the farmer debtor in accordance with section 75 of the Bankruptcy Act. Bradford v. Fahey, 4 Cir., 76 F.2d 628; In Re O'Brien 2 Cir., 78 F.2d 715; United States National Bank of Omaha, Neb. v. Pamp, 8 Cir., 83 F.2d 493; Hoyd v. Citizens Bank of Albany Co., 6 Cir., 89 F.2d 105.

The order appealed from is reversed, and the case is remanded to the court below with directions to procure, by appropriate orders, the vacation of all of the proceedings in the foreclosure suit subsequent to the filing of the debtor's petition, and to

require that all rents and profits from the land which are properly a part of the estate in bankruptcy be paid over to the conciliation commissioner, and for further proceedings in accordance with section 75 of the Bankruptcy Act as amended.