**UNITED STATES v. MISSCO HOME-
STEAD ASS'N, Inc.**

No. 14100.

United States Court of Appeals
Eighth Circuit.

Nov. 1, 1950.

284

G. D. Walker, Assistant United States Attorney, Little Rock, Ark. (James T. Gooch, United States Attorney, Little Rock, Ark., on the brief), for appellant.

Max B. Reid, Blytheville, Ark. (Bruce Ivy, Osceola, Ark., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

This is a companion to 8 Cir., 185 F.2d 280, by Missco Homestead Association, Inc., from an adjudication against it. The United States of America, one of the appellees in that case, challenges that part of the adjudication deciding that the petition in bankruptcy was filed on the 12th day of March, 1945, instead, as it claims, on the 9th day of March, 1945, and this appeal is solely from that part of the order of adjudication. The facts are not in dispute.

At the time of the filing of the petition, and for six months prior thereto, Missco Homestead Association, Inc., was carrying on its business and had its principal place of business in the Jonesboro Division of the Eastern District of Arkansas.

On March 9, 1945, the involuntary petition in bankruptcy against Missco Homestead Association, Inc., was lodged, for filing, in the office of the Clerk at Little Rock, Arkansas, and by him stamped "filed", with the usual filing mark of the Clerk, and then forwarded to the Deputy Clerk at Jonesboro, for filing, where it was again marked "filed" on March 12, 1945.

Arkansas was at the time the petition was filed divided into two districts, the Eastern and Western. The Eastern District comprises four divisions. One of these divisions is the Western Division, another the Jonesboro Division. Court is held in Little Rock for the Western Division, and at Jonesboro for the Jonesboro Division.

The appellee appears to rely on Section 114, Title 28 U.S.C.A. Judicial Code § 53, former Code, now Section 1393 (a) of the Judicial Code, which provided as follows: "When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides * * *."

This provision of the statute refers to law and equity civil cases, and not to bankruptcy.

The law now reads:

Section 1393.

Divisions; single defendant; defendants in different divisions

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides." (b) * *.

Section 2 of the Bankruptcy Act, 11 U.S.C.A. § 11, provides as follows: (a) "The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act * * *."

And may (1) "adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months * * *."

This statute does not limit the jurisdiction of the District Court to a division of the district.

In Naylor v. Cantley, et al., 8 Cir., 96 F.2d 761, 763, it is stated: And "this court pointed out that the equity jurisdiction of a federal court is something entirely separate and apart from its jurisdiction in bankruptcy; that the jurisdiction of a court of bankruptcy is exclusive with respect to all questions pertaining to bankruptcy * *; courts of bankruptcy are separate and distinct courts * * *."

■ As the Missco Homestead Association, Inc., appeared and filed an answer it waived any question of venue. In re Carter-Williams Grain & Coal Co., 8 Cir., 297 F. 441.

Section 1(13) of the Bankruptcy Act, 11 U.S.C.A. § 1(13), provides that the commencement of the proceedings in bankruptcy with reference to time means the date when the petition is filed.

■ The lodging of a petition with the clerk to be "filed" by him is a "filing". Milton v. United States, 5 Cir., 105 F.2d 253, 255.

■ The court therefore having jurisdiction of the defendant within the district; the filing of the petition in any division thereof gave the court jurisdiction as of the date of filing. And it was proper for the Clerk to transfer the petition to Jonesboro in another division for trial and further proceedings.

In Remington on Bankruptcy, (4th Edition) Vol. 1, Section 36.50 the rule is stated as follows: "Wrong Division but Right District. But that the proceedings were brought in the wrong division though in the right district is a waivable defect. But there must be a waiver else that objection also is valid. It is not a jurisdictional defect that the proceedings were brought in one division of the district and the hearing had in another. Cases may be transferred from one to another division of the same district."

The decision of the Trial Court adjudging that the petition against Missco Homestead Association, Inc., was filed on March 12, 1945, will have to be reversed, and the court authorized and directed to enter an order that the petition was filed on March 9, 1945.

Reversed and remanded with directions.