**Lewis W. SAPER, as Trustee in Bankruptcy of the Estate of Riverside Iron and Steel Corporation, Bankrupt, Plaintiff,**

**v.**

**W. Lunsford LONG and Hewitt S. West, Defendants.**

United States District Court
S. D. New York.

April 1, 1955.

See also, 17 F.R.D. 491.

I. Arnold Ross, New York City, for Saper.

Shearman & Sterling & Wright, New York City, for petitioners (defendants), MacIlburne Van Voorhies, William A. Rusher, John A. Wilson, New York City, of counsel.

RYAN, District Judge.

Defendants move for leave to serve an amended answer pleading an additional defense that plaintiff is without legal capacity to sue because the court of Bankruptcy in which he was appointed Trustee was without jurisdiction to entertain the bankrupt's voluntary petition or to administer the bankrupt estate. Defendants, with the pleadings so amended, also move for summary judgment.

It appears of record that on March 15, 1951, Riverside Iron and Steel Corp., a Nevada corporation, filed in this district

a voluntary petition and was adjudicated a bankrupt; that the petition alleged that Riverside had its principal office and place of business at 15 William Street, New York City; that on April 15th, 1951, a creditor of Riverside moved to vacate the order of adjudication and to dismiss the petition upon the ground that this court was without jurisdiction because at the time of the filing and for the preceding six months Riverside had no office or place of business within the district, was not licensed to do business in New York State and had no assets within the district or the state; that a special master's report sustaining the objections so made was confirmed; and that on December 24th, 1951 an order of this court was made vacating the adjudication and dismissing Riverside's voluntary petition. It further appears of record that thereafter an appeal to the Court of Appeals was duly filed from this order and on October 16th, 1952 that court ordered that the order of December 24th, 1951 be vacated and remanded the proceedings "for such action as may seem appropriate in light of the amendments to the Bankruptcy Act contained in Public Law 456 —82nd Congress."

It also appears of record that thereafter and on December 24th, 1952 an order was entered upon consent of the objecting creditor withdrawing its petition to dismiss, and that the plaintiff herein was appointed Trustee of the bankrupt estate.

■ The defendants are not precluded by the pretrial order from now seeking leave to plead a new defense.

I assume, for the purpose of these motions, that defendants are also not precluded by their pretrial stipulation from challenging the lack of jurisdiction of this court to entertain Riverside's voluntary petition in bankruptcy, to adjudicate it a bankrupt or to appoint plaintiff Trustee of the bankrupt estate. I conclude, nevertheless, that defendants may not in this suit challenge plaintiff's capacity, the regularity of his appointment or the determinations made by the bankruptcy court.

With the filing of the mandate from the Court of Appeals, the petition to vacate the adjudication was left pending and undetermined; the order of December 24th, 1951 dismissing the petition was vacated as were the factual findings upon which it was predicated, unless they were again accepted by the affirmative act of the court, which they never were. If anything, the decision of the objecting creditor to withdraw without further challenge, and the judicial approval of that withdrawal may well have implicitly determined that venue was properly laid in the bankruptcy court of this district.

The provisions of Public Law 456, 82nd Congress, effective as of October 7th, 1952, by section 56(b), 11 U.S.C.A. § 1 note, was made "'applicable in cases pending when it takes effect'". It amended section 32 of the Bankruptcy Act, 11 U.S.C.A. § 55, to provide:

"(b) Where venue in any case filed under this title is laid in the wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.

"(c) The judge may transfer any case under this title to a court of bankruptcy in any other district regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer."

The Court of Appeals remanding specifically called attention to this enactment.

■ The very passage of section 32 of the Bankruptcy Act permitting a court to transfer cases to other districts was a recognition by Congress that section 2, sub. a(1), 11 U.S.C.A. § 11, sub. a(1), related solely to venue. If § 2, sub. a(1) was jurisdictional and a bankruptcy court determined that the bankrupt was not resident within its district for the prior six months or resident within its

district for the greater portion thereof than in any other district, the court would then have to dismiss the petition, as it had to before the amendment, and could not transfer the suit to another district. The court would be without power. By enabling the court to transfer to another district Congress impliedly recognized § 2, sub. a(1) to be simply a venue statute. We feel this is clearly the intent of Congress reading § 2, sub. a(1) together with § 55, sub. c.

■ Moreover, the defendants, may not in this suit collaterally attack the determination of the bankruptcy court as to whether venue was properly laid in it.

■ Motion to serve an amended answer is denied, as upon the record the defense it seeks to plead is insufficient in law.

Motion for summary judgment is denied.

Defendants also move to transfer under 28 U.S.C.A. § 1404.

A prior motion for summary judgment on which defendant urged the California judgment as res judicata and as an equitable estoppel to the filing of this suit was denied by Judge Weinfeld, who felt that the merits of this defense should be appraised by the trial judge. In determination of the applicability of res judicata or equitable estoppel a retrial of the California suit is neither necessary nor permissible. The evidence admissible on this aspect of the suit is entirely documentary and the genuineness of the pertinent records has been covered by pretrial stipulation. I am not therefore impressed with the merits of the motion to transfer.

■ This suit has been at the head of the Day Calendar for trial since May, 1954; pretrial hearings were held in October, 1954, and a pretrial order made in November, 1954. Trial has been set for April 4, 1955. We have been informed that it has been adjourned until the May term. The interests of justice will not be served to direct a transfer under § 1404 on the very eve of trial in this suit which has been pending since December, 1952. Motion to transfer denied.