**894**

In the Matter of ELK CITY PLACER MINES, INC., Alleged Bankrupt.

No. 7348.

United States District Court
D. Idaho, S. D.

April 8, 1959.

Lester Stritmatter, Hoquiam, Wash., Frank Chalfant, Sr., Boise, Idaho, for petitioners.

Gee & Hargraves, Pocatello, Idaho, for Elk City Placer Mines, Inc.

FRED M. TAYLOR, District Judge.

On November 12, 1958, a creditors' petition seeking to have the Elk City Placer Mines, Inc., declared a bankrupt was filed in the main office of the Clerk of the above-entitled Court at Boise, Idaho, in the Southern Division of said Court. The official station of the judges of the Court is also located at Boise, Idaho. The said petition was entitled "In the District Court of the United States for the District of Idaho." As may be noted, the petition did not specify any division.

The alleged bankrupt has moved that the matter be dismissed for improper venue or, alternatively, that the venue be established in the Eastern Division. The petitioning creditors have moved that the matter be transferred to the Central Division of the Court on the ground that the principal place of business is in that division. An affidavit supporting each motion is contained in the record.

The alleged bankrupt bases its motion on the provisions of the United States Code Annotated, set out at Title 28, § 1393(a), which provides as follows:

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

After an examination of the applicable statutes and authorities, the Court has reached the conclusion that the only provisions governing venue in a bankruptcy action are those set out at Title 11 U.S.C.A. § 11, sub. a(1) and § 55, subs. b, c. These statutes only specify venue as to districts and not as to divisions within a district.

Before the enactment in 1952 of the amendments to the Bankruptcy Act, set out at Title 11 U.S.C.A. § 55, subs. b and c, it appears that the more generally followed view was that the provisions of Title 11 U.S.C.A. § 11, sub. a(1) were jurisdictional rather than venue provisions. Since the enactment of these said sections, however, it appears that the prevailing view is that the provisions relate to venue. (For an excellent discussion of this question see the opinion of Judge Phillips in In re Martinez, 10 Cir., 241 F.2d 345; see also, United States v. Missco Homestead Ass'n, 8 Cir., 185 F.2d 283; Saper v. Long, D.C., 131 F.Supp. 795; In re Fada Radio & Electric Co., D.C., 132 F.Supp. 89; cf. Remington on Bankruptcy, Vol. 1, 1959 Supp., § 40, p. 11; Collier on Bankruptcy, Vol. 1, § 2.14, p. 183, 184.)

It appears to be the better view that the general venue requirements of Title 28, Chapter 87, § 1391–1406, U.S.C.A., do not apply to bankruptcy actions. In United States v. Missco Homestead Ass'n, 8 Cir., 185 F.2d 283, at pages 284, 285, the Court stated:

"The appellee appears to rely on Section 114, Title 28 U.S.C.A. Judicial Code § 53, former Code, now Section 1393(a) of the Judicial Code, which provided as follows: 'When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides * * *.'

"This provision of the statute refers to law and equity civil cases, and not to bankruptcy.

"The law now reads:

"Section 1393.

"Divisions; single defendant; defendants in different divisions

" '(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.' (b) * * *.

"Section 2 of the Bankruptcy Act, 11 U.S.C.A. § 11, provides as follows: (a) 'The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act * * *.'

"And may (1) 'adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months * * *.'

"This statute does not limit the jurisdiction of the District Court to a division of the district.

"In Naylor v. Cantley, et al., 8 Cir., 96 F.2d 761, 763, it is stated: And 'this court pointed out that the equity jurisdiction of a federal court is something entirely separate and apart from its jurisdiction in bankruptcy; that the jurisdiction of a court of bankruptcy is exclusive with respect to all questions pertaining to bankruptcy * * *; courts of bankruptcy are separate and distinct courts * * *.'"

It seems that Congress has accepted the view that the general provisions of Title 28, Chapter 87, § 1391–1406, do not apply to actions under the Bankruptcy Act. In H.R. 2320, S. 2234, 82nd Congress, 2nd Session (1952), U.S.Code Congressional and Administrative News 1952, p. 1967, it was stated, in reference to the proposed legislation that is presently sections 32, subs. b, c of the Bankruptcy Act, Title 11 U.S.C.A. § 55, subs. b and c:

"* * * The first subdivision proposed to be added incorporates the substance of the general statute on venue of district courts stated in Title 28, section 1406, United States Code, modified only to accommodate it to the Bankruptcy Act. Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy. This first subdivision also incorporates the amendment to section 1406 which changed 'shall' to 'may, in the interest of justice.' Ordinarily, no doubt the venue rules in bankruptcy will serve the interest of justice, but in the event that in the special case they do not, the judge will have discretion to retain the proceeding.

"The second subdivision proposed to be added makes available to the bankruptcy judge a power to transfer a case, in the interest of the parties, similar to that now accorded the judge in a nonbankruptcy proceeding by section 1404(a) of Title 28."

■ In accordance with the foregoing the Court believes that venue in a bankruptcy case is district wide and not merely division wide; that the parties in a bankruptcy case are not entitled, as a matter of right, to have venue set in a particular division; that the Court is at liberty to set the case for further proceedings as will best facilitate the hearing of preliminary matters and trial.

■ Although the parties have submitted affidavits in support of their motions, these affidavits leave much in doubt as to the most appropriate place to hear the case. The petitioners' affidavit contains many averments of fact which strongly indicate that the principal operations and place of business of the alleged bankrupt are located in the Central Division. The affidavit in support of the alleged bankrupt's motion avers that the officers of the corporation are residents of Pocatello, Idaho, and that the principal place of business of the alleged bankrupt is Pocatello. No facts, however, are averred that tend to bear out the assertion that Pocatello, Idaho, is the principal place of business of the alleged bankrupt.

In view of the record and the fact that the Southern Division is more or less centrally located as respects the parties to this action, it is the Court's view that, at the present stage of the case, the interests of the parties would be best served by hearing all matters preliminary to trial at the Southern Division at Boise, Idaho. If it should appear later that the interests of the parties and justice would be best served in either the Eastern or Central Division, the matter will be transferred to the division most appropriate for trial.

Accordingly, it is ordered that the motions of the respective parties be and each of them is hereby denied; and that the parties henceforth proceed with the matter in the Southern Division at Boise, Idaho.