**In the Matter of Preston MILLER, Debtor.**

No. 4361–B–4.

United States District Court
D. Kansas.

April 24, 1959.

David W. Carson and John K. Dear, of Carson & Dear, Kansas City, Kan., for debtor.

Byron E. Mintonye, Kansas City, Mo., and Roy Cook, Kansas City, Kan., for petitioner.

STANLEY, District Judge.

The petition filed in this court by the debtor under Chapter XIII of the Bankruptcy Act (11 U.S.C.A. § 1001 et seq.) shows the debtor to be a resident of Kansas City, Missouri. It is conceded that he had not been a resident of this judicial district for any portion of the six months preceding the date on which the proceedings were commenced.

The subject motion was filed by Commercial Credit Corporation, one of the Missouri creditors, for an order transferring the case to the Western District of Missouri, the district in which the debtor resided the greater portion of the six months preceding the date on which the proceedings were commenced and in which they could have been brought. It is alleged by the creditor and admitted by the debtor that "the majority of his creditors (in numbers and amounts) are residents of and have their principal places of business within the territorial jurisdiction of the Court of Bankruptcy of the United States for the Western District of Missouri, Western Division." The moving creditor contends that the interest of justice requires the transfer.

█ . The right of petitioners in Chapter XIII cases to file their proceedings in this district was settled by the United States Court of Appeals for the Tenth Circuit in the case of In re Martinez, 1957, 241 F.2d 345, 349. In that case it was held that:

> "If a voluntary petition, or a petition under Chapter XIII, is filed in the wrong venue, the petitioner waives venue,"

and the case was remanded to this court for further proceedings, even though the debtor did not reside in this judicial district. In the same case, Judge Phillips, speaking for the court, quoted from the report of the House Judiciary Committee, referring to subsection b of § 32 of the Act, as follows:

" 'Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy. This first subdivision also incorporates the amendment to section 1406 which changed "shall" to "may, in the interest of justice." Ordinarily, no doubt the venue rules in bankruptcy will serve the interests of justice, but in the event that in the special case they do not, *the judge will have discretion to retain the proceeding.*' (Emphasis supplied by the court.)"

This court, in exercising its discretion, takes judicial notice of the fact that Kansas City, Kansas; Kansas City, Missouri; and a score or more of other incorporated municipalities and the intervening unincorporated areas constitute one metropolitan trade territory. The area is served by one telephone system; the public transportation system serves the area without regard to state lines; and the principal newspaper in the area is circulated, read and utilized by advertisers with complete disregard for state boundaries. The various trade associations solicit membership from the community as a whole. Merchants and lenders in both states solicit customers from the entire territory. More often than not, creditors who have claims against the debtors in this type of proceedings maintain offices in more than one segment of the metropolitan area.

An examination of the files of other and similar cases pending before this court discloses that the residence of the petitioning debtor bears little relationship to the state in which his creditors' offices may be located.

The court advised counsel and interested parties at the hearing of the motion that it was taking judicial notice of the foregoing facts and assumed that they were not disputed, but invited any interested party who wished to submit information to the contrary to do so. No contrary information was submitted or suggested.

The motion before the court urges action under the authority granted by § 32, sub. b of the Bankruptcy Act (11 U.S.C.A. § 55, sub. b.) This section provides in part as follows:

" \* \* \* the judge may, *in the interest of justice,* upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought." (Emphasis supplied.)

The transfer of any proceedings from one court to another, with the attendant clerical work involved, is cumbersome at best. This is particularly true in a bankruptcy proceeding, in which there are, by necessity, a great number of interested parties. A case of this nature, having once been lodged with a court, should not lightly be shifted to another. Such a transfer involves certification by the clerk of this court to the clerk of the court to which the proceedings have been transferred. Considerable correspondence and accounting is required of the clerk with respect to filing fees and costs which may have been paid. A trustee or receiver who may have been appointed by the court in one district will more than likely not be qualified to serve the court in the new district.

While these considerations should not be controlling, they certainly create an "inertia" which should require some factual showing that the "interests of justice" would be better served by such a transfer. Since the petitioning debtor has specifically waived venue by filing his petition in this court, the party seeking the transfer must bear the burden of showing that the interests of justice would be better served by

the transfer. There has been no such showing in this case.

The court, at an earlier hearing, announced the basic conclusions herein set forth and gave all interested parties additional time within which to present any matters which they felt might indicate that the "interest of justice" would be better served by a transfer. No such showing has been made.

The motion has been denied.