**In the Matter of Virginia M. EATHER-TON, Bankrupt, Appellant.**

**No. 16231.**

United States Court of Appeals
Eighth Circuit.

Nov. 3, 1959.

I. I. Ozar, Kansas City, Mo., filed brief for appellant.

Claude L. Rice, Kansas City, Kan. (John W. Schwartz, Kansas City, Mo., was with him on the brief), for Claude L. Rice and John W. Schwartz as amici curiae.

George L. Gisler, Kansas City, Mo. (John A. Borron, Jr., and William B. Bostian, Kansas City, Mo., pro se, were with him on the brief), for William B. Bostian, amicus curiae.

Before WOODROUGH and MATTHES, Circuit Judges, and MICKELSON, District Judge.

MATTHES, Circuit Judge.

During the six months immediately preceding May 4, 1959, Virginia M. Eatherton (appellant) was not a resident of, or domiciled within, the territorial jurisdiction of the bankruptcy court within and for the Western District of Missouri, having been throughout said period a resident of Johnson County, Kansas; however, she was employed in Kansas City, Missouri. On the above stated date, appellant filed her petition in the bankruptcy court for the Western District of Missouri, seeking to be adjudicated as a voluntary bankrupt. On

the same day, Chief Judge Duncan of the United States District Court for the Western District of Missouri, and, on his own motion, dismissed the petition. The appeal is taken from that order.

Upon application, William B. Bostian of Kansas City, Missouri, and Claude L. Rice of Kansas City, Kansas, and John W. Schwartz of Kansas City, Missouri, were permitted to file briefs as amicus curiae. Mr. Bostian defends the action of the trial court, whereas Messrs. Rice and Schwartz are in appellant's corner, and request us to reverse the trial court's order. At this time it is appropriate to express our gratitude to the amici curiae for their assistance in fairly, exhaustively and capably briefing and orally arguing the various aspects of the case.

The district court was of the opinion that under § 2, sub. a(1) of the Bankruptcy Act [hereinafter referred to as "Act"], Title 11, U.S.C.A. § 11, sub. a(1), jurisdiction was lacking, in that appellant had not been a resident of, or domiciled within, the territorial area of the bankruptcy court where the petition was filed; that being without jurisdiction of the subject matter the petition was subject to dismissal.

Determination of the question for decision requires consideration and interpretation of § 2, sub. a(1) of the Act, as amended in 1952, in light of the amendment of § 32 of the Act, Title 11 U.S.C.A. § 55, which added subsections b and c thereto.

The jurisdiction of bankruptcy courts is derived from § 2 of the Act, which provides:

"(a) The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, * * * to—

"(1) Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction, or who do not have their principal place of business, reside, or have their domicile within the United States, but have property within their jurisdictions, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States, and have property within their jurisdictions, *or in any cases transferred to them pursuant to this title;*" (Emphasis ours.) (The italicized portion was a part of the Amendment of July 7, 1952.)

Prior to 1952, § 32 of the Act provided for transfer and consolidation of proceedings in the event petitions were filed by or against the same person in different courts of bankruptcy. In 1952 Congress added subsections b and c to § 32, Title 11 U.S.C.A. § 55(b, c):

"(b) Where venue in any case filed under this title is laid in the wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.

"(c) The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer. As amended July 7, 1952, c. 579, § 11, 66 Stat. 424."

In summary, the amicus curiae supporting the lower court's position, contends that § 2, sub. a of the Act relates to jurisdiction in the strict sense and that without § 32, sub. b, supra, the court would have had no alternative but to dismiss a petition filed in the "wrong court"; that while § 32, sub. b empow-

ered the court to transfer the proceeding to the bankruptcy court in Kansas encompassing the territory in which appellant was a resident or domiciled, § 32, sub. b does not authorize the court to retain the proceeding, but vests jurisdiction only for the purpose of dismissing or transferring; that § 32, sub. c vests power in the court where the petition is properly filed (residence or domicile of petitioner) to transfer to any other bankruptcy court "in the interests of the parties"; and that the amendment to § 2, sub. a(1) vests the transferee court with jurisdiction of proceedings so transferred under § 32, sub. c.

Briefly, amici curiae Rice and Schwartz stand for the proposition that the 1952 amendments above noted, the Congressional Committee Reports and subsequent decisions have laid to rest any controversy as to whether § 2, sub. a(1) sets up jurisdictional requirements, absent which the court is powerless to act, or relates to venue, which the parties may waive, and that it now appears with certainty that a bankruptcy court has jurisdiction of a debtor voluntarily appearing irrespective of his place of residence, domicile or principal place of business and may retain the proceeding, or transfer the case, according to "the interest of justice," or the interests of the parties.

Even prior to the 1952 amendments, the courts were not in complete accord as to whether the provisions of § 2, sub. a(1) were jurisdictional in the strict sense. However, as pointed out in Remington on Bankruptcy (Fifth Ed. by James M. Henderson), Vol. I, § 40, p. 80, the weight of authority was to the effect that the statute related not merely to jurisdiction of the person, but to jurisdiction of the subject matter.[1] Contra authority is found in Collier on Bankruptcy, 14th Ed., Vol. 1, § 2.14, pp. 183,

184, where the writer documents this statement with numerous pre-1952 citations:

"That the jurisdiction of the court to adjudge persons bankrupt is defined by the affirmative requirements of § 2 [sub.] a(1) does not imply a jurisdictional limitation. Venue statutes are often couched in words of like tenor. The courts, moreover, have found a waiver when the objection to suit in the wrong district was not taken promptly. * * * In any event, in the absence of clearly binding authority from the adjudicated cases, grounds of policy would seem to compel an interpretation of § 2 [sub.] a(1) as merely laying down a venue requirement."

Subsequent to the 1952 amendments, however, it is apparent that the courts and other authorities have been unanimous in interpreting the territorial limitations set out in § 2, sub. a(1).[2] As stated in the 1958 Supplement to Remington, 5th Edition, Vol. I, § 40, supra, "The 1952 changes in § 32 of the Bankruptcy Act * * * have tended to increase the feeling that the statutory provisions as to institution of bankruptcy proceedings in the district where the alleged bankrupt has his residence, domicile, or place of business relate to proper *venue* rather than to jurisdiction to entertain the proceedings." (Emphasis supplied). The few cases decided since 1952 all recognize that the amendment to § 32 demonstrates congressional recognition that the § 2, sub. a(1) requirements related to venue. See Saper v. Long, D.C.S.D.N.Y., 131 F.Supp. 795, and In re Fada Radio & Electric Co., D.C.S.D.N.Y., 132 F.Supp. 89. See also, In re Elk City Placer Mines, Inc., D.C. S.D.Idaho, 171 F.Supp. 894. Factually very similar to the appeal before us is

---

1. See Chicago Bank of Commerce v. Carter, 8 Cir., 61 F.2d 986, 987, 988; In re Federman, 2 Cir., 119 F.2d 754, and compare, United States v. Missco Homestead Ass'n, Inc., 8 Cir., 185 F.2d 283.

See also, citations, Remington, supra, note 12 at p. 80.

2. But see In re Martinez, D.C.Kan., 140 F. Supp. 221, reversed 10 Cir., 241 F.2d 345.

(1) as relating to venue. In re Martinez, the latest decision construing § 2, sub. a 10 Cir., 241 F.2d 345. There, the Tenth Circuit reversed the order of the district court which had dismissed petitions filed by Missouri and Nebraska residents in the Kansas District Court under Chapter XIII of the Act. See also, In re Miller, D.C.Kan., 172 F.Supp. 208, and Note, 6 Duke Bar Journal 137, and Comment, 71 Harvard Law Review 728. In the interest of uniformity, we have always deferred to the views of another Circuit unless we could demonstrate to our own satisfaction that they were clearly wrong. Birmingham v. Geer, 8 Cir., 185 F.2d 82, 85, and cases cited; Cosentino v. Local 28, International Organization of Masters, etc., 8 Cir., 268 F.2d 648.

From our analysis of the applicable statutes it is made clear that the contention that § 2, sub. a(1) is jurisdictional in the strict sense, is incompatible with § 32, sub. b. Reason and logic dictate that in enacting the amendments to § 32, Congress implicitly viewed the provisions of § 2, sub. a(1) as relating to venue rather than jurisdiction. Otherwise, how could there be "wrong venue" for § 32, sub. b to remedy? Furthermore, if one of the alternative requirements of § 2, sub. a(1) must be present in order to empower the court to entertain a bankruptcy proceeding, the absence thereof would leave the court no alternative but to dismiss the proceeding, as was done here. Such a result cannot be squared with the permissive language of § 32, sub. b, that the judge, in a wrong venue situation, "*may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.*" (Emphasis added.) Obviously, in a § 32, sub. b situation, the court is vested with discretion, in the interest of justice and upon timely and sufficient objection to venue being made, to either transfer the case to a court where it could have been brought, or to retain the proceeding.

This conclusion is in accord with the views of the House Judiciary Committee as expressed in its report which accompanied the bill, House Report No. 2320 on S. 2234, 82nd Cong., 2d Sess. 1952:

"Section 11 of the bill adds two subdivisions to the present section 32. That section deals with the transfer of cases, but, as presently written, it covers only the case of two petitions against the same person or partnership. *The first subdivision proposed to be added incorporates the substance of the general statute on venue of district courts stated in Title 28, section 1406, United States Code, modified only to accommodate it to the Bankruptcy Act.* Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy. This first subdivision also incorporates the amendment to section 1406 which changed 'shall' to 'may, in the interest of justice.' Ordinarily, no doubt the venue rules in bankruptcy will serve the interest of justice, but in the event that in the special case they do not, *the judge will have discretion to retain the proceeding.* (Emphasis supplied)."

From the foregoing report, the conclusion is impelled that Congress intended with certainty, that the residence, domicile or place of business requirements of § 2, sub. a(1) go solely to venue, and that § 32, sub. b was designed to clothe a court of bankruptcy with the same authority in a wrong venue situation, as that possessed by the United States District Courts with respect to other litigation in which venue is laid in the wrong division or district, with this significant exception. Under Title 28, § 1406, U.S. C.A., a district court, in which a case is filed laying venue in the wrong division or district, "*shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it

could have been brought." [3] (Emphasis added.) As noted, under § 32, sub. b the court *may* transfer. It is not empowered to dismiss. Being thus vested with discretion, it seems clear that to hold that the court can dismiss an otherwise proper and meritorious petition, would completely frustrate congressional intent and design.

 Unlike § 32, sub. b, under which the court can transfer only to the court where the case could have been instituted and then only in the interest of justice, § 32, sub. c has broader application. Under the latter "The judge *may* transfer any case under this title to a court of bankruptcy *in any other district,* regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, *if the interests of the parties will be best served by such transfer."* (Emphasis added.) The 1952 amendment to § 2, sub. a(1) was added to authorize the transferee court to exercise jurisdiction in a case transferred to it under § 32, sub. c. Thus, by appropriate legislation, Congress has set up a comprehensive transfer plan for bankruptcy cases. In § 32, sub. b situations, the interest of justice is the factor to be considered in resolving the question of whether, on timely objection, the venue shall be changed. Under § 32, sub. c, the interests of the parties is the factor.

Because of the broad powers § 32, subs. b and c now make available, the dismissal of a bankruptcy petition otherwise sufficient, is not only an untenable course, but contrary to legislative intent as manifested in the 1952 amendments, and in the expressed views of the House Committee which considered and acted upon the bill.

 In summary, we hold that the district judge improperly dismissed the petition; he may in the interest of jus-

tice, and upon timely and sufficient objection to the venue, transfer the case to the proper Kansas district; he may, regardless of the principal assets of the bankrupt, or her residence, transfer the proceeding to a court of bankruptcy in any other district, if the interests of the parties so require, or he may retain the proceeding.

Accordingly, the order dismissing the petition is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.

---

3. Prior to 1949, § 1406(a) read: "The district court of a district in which is filed a case laying venue in the wrong division or district *shall transfer* such case * * *" Thus the 1949 amendment inserting additional words was designed to give the district court power to dismiss and to make a transfer discretionary.