**HAWAIIAN INVESTORS**, Appellant,

v.

**H. L. THORNDAL**, Trustee in Bankruptcy
of Petroleum Corporation of America,
Appellee.

**No. 17792.**

United States Court of Appeals
Eighth Circuit.

Jan. 11, 1965.

Walfrid B. Hankla, of McGee, Van
Sickle & Hankla, Minot, N. D., made
argument for appellant and filed brief
with Bruce M. Van Sickle of McGee,
Van Sickle & Hankla, Minot, N. D.

Frank F. Jestrab, of Bjella, Jestrab,
Neff & Pippin, Williston, N. D., made
argument for appellee and filed brief
with Harry M. Pippin, of Bjella, Jestrab,
Neff & Pippin, Williston, N. D.

Before VAN OOSTERHOUT, BLACK-
MUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Hawaiian In-
vestors from order of the District Court
entered May 6, 1964, affirming upon pe-
tition for review the referee's order de-
nying Hawaiian Investors' motion to dis-
miss or for change of place of hearing.
The issues raised by such motion, as
stated by the District Court, are:

"(a) Should the counterclaim on
file be dismissed for failure to prose-
cute the same?

"(b) Should the matter be trans-
ferred to an appropriate Federal Ju-
dicial District in the State of Hawaii
for further hearing on the proofs of
claim?"

The trial court gave a negative answer
to each of the stated questions and af-
firmed the referee's action in denying
the motion.

Hawaiian Investors is a name used for
convenience to describe some 267 claim-
ants residing principally in Hawaii who
had filed claims against the bankrupt
based upon written contracts entered into
separately between each claimant and the

bankrupt pertaining to the purchase of a fractional interest in one or more of eight oil drilling projects conducted by the bankrupt. The trustee filed answer and counterclaim to each of the claims filed wherein he denied that the individual investors were creditors and further asserted that each was a mining partner of the bankrupt and as such liable to the trustee for services rendered and labor and material furnished in carrying out the various drilling projects. The claimants denied the allegations of the counterclaim and alleged the sales made to them were in violation of the Hawaiian Blue Sky Laws.

Hawaiian claimants in oral argument abandon their contention as set out by the court at (a) above to the effect that they are entitled to dismissal of the counterclaim for want of prosecution. Such contention is clearly without merit and in view of the concession, no discussion of the issue is warranted.

The remaining issue in this case is whether error was committed in upholding the referee's denial of Hawaiian Investors' motion for transfer to Hawaii, which motion reads:

"[T]hat further hearing on the proof of claim and on the answer and counterclaim be removed to the appropriate Federal Judicial District serving the State of Hawaii for the purpose of reducing expense to all parties, and for the convenience of necessary witnesses, they being all other Hawaiian participants in the Petroleum Corporation of America Investment programs, and they being all, or practically all, residents of the State of Hawaii."

Claimants base their right to a transfer to Hawaii on § 32, subs. b and c of the Bankruptcy Act, 11 U.S.C.A. § 55. Subsection b is clearly inapplicable as it provides for a transfer of a bankruptcy case filed in the wrong venue to a court of bankruptcy in which the case could have been commenced. There is no claim that the proper venue does not here exist.

Subsection c provides:

"The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer. As amended July 7, 1952, c. 579, § 11, 66 Stat. 424."

The heading of § 32 reads: "Transfer of cases." It appears that the section as a whole, including subsection c, deals with the transfer of the entire bankruptcy case. No express provision is made for the transfer of a portion of the bankruptcy case, such as an individual claim. No case has been cited to us nor have we found any case where the transfer of only a portion of the bankruptcy case was permitted. Moreover, subsection c gives authority to transfer to the judge, not the referee. Here the motion was filed and acted upon by the referee.

We need not, however, rest our decision upon such interpretation. If we assume that the transfer motion filed with and acted upon by the referee can be considered a motion filed with the judge by reason of the consideration he gave it on petition for review, Hawaiian claimants have failed to meet the burden resting upon them to show the judge abused his discretion in denying the motion.

In In re Eatherton, 8 Cir., 271 F.2d 199, we reversed judgment dismissing a bankruptcy case brought in the wrong venue. In the course of the decision, we discussed the legislative history of § 32, subs. b and c and stated:

"Thus, by appropriate legislation, Congress has set up a comprehensive transfer plan for bankruptcy cases. In § 32, sub. b situations, the interest of justice is the factor to be considered in resolving the question of whether, on timely objection, the venue shall be changed. Under § 32, sub. c, the interests

of the parties is the factor." 271 F.2d 199, 204.

■ The statute does not define in detail the factors to be considered in determining whether a transfer should be granted. Such determination must be made on a case-to-case basis and in the light of the facts and circumstances disclosed in each case.

"Among the factors entering into a determination of the forum of greatest convenience are: '(1) proximity of creditors of every kind to the court; (2) proximity of the bankrupts to the court; (3) proximity to the court of the witnesses necessary to the administration of the estate; (4) location of the assets; and (5) the economic * * * administration of the estate.'" In re Hudik-Ross, S.D.N.Y., 198 F. Supp. 695, 699, aff'd 2 Cir., 297 F.2d 32; In re Triton Chemical Corp., D.C.Del., 46 F.Supp. 326, 329.

The court in In re Miller, D.C.Kan., 172 F.Supp. 208, 209, speaks of factors entitled to consideration on the transfer issue as follows:

"The transfer of any proceedings from one court to another, with the attendant clerical work involved, is cumbersome at best. This is particularly true in a bankruptcy proceeding, in which there are, by necessity, a great number of interested parties. A case of this nature, having once been lodged with a court, should not lightly be shifted to another. Such a transfer involves certification by the clerk of this court to the clerk of the court to which the proceedings have been transferred. Considerable correspondence and accounting is required of the clerk with respect to filing fees and costs which may have been paid. A trustee or receiver who may have been appointed by the court in one district will more than likely not be qualified to serve the court in the new district."

■ A motion for transfer under § 32 is addressed to the sound discretion of the court and such order will be upset only upon showing of an abuse of discretion. In re S.O.S. Sheet Metal Co., 2 Cir., 297 F.2d 32.

■ No extensive discussion of the evidence is necessary to support the conclusion that the court did not abuse its discretion in denying the transfer. We have carefully examined the printed record in this case, which is highly condensed and contains only a small fraction of the proceedings in this case. The referee in his opinion refers to a roomful of records that has accumulated. This bankruptcy has been in operation for over five years. The physical assets are largely located in North Dakota, and many of the creditors reside in that vicinity. The referee has held many hearings and has devoted much time to this proceeding and is thoroughly familiar with it. Detailed records of drilling expenses relevant to the trustee's counterclaim have been kept. A tremendous expense would be incurred in certifying all relevant claim papers to Hawaii and additional expense would be involved in transporting the necessary witnesses to Hawaii. Such expenditures would be prejudicial to existing creditors.

There is no clear showing that the presence of Hawaiian investors is necessary at any trial relating to their claims. The claims of many of the investors are similar to that of Lau which the trial court rejected. Such action was affirmed upon review. Lau was found to be a mining partner, not a creditor. His Blue Sky contention, first raised in reply, was rejected because barred by a failure to file within the time allowed for filing claims.

At this point, we pause to observe that both parties argued at much length the question of whether the claims of the remaining 266 claimants were determined by the decision made upon the Lau claim. There is a controversy as to the scope of the stipulation made by the other 266 claimants. The phraseology of the alleged stipulation is not found

in the record. We do not believe the scope of the stipulation was made an issue in this proceeding. We find nothing in the trial court's order passing upon the validity or scope of the questioned stipulation. Like the trial court, we leave open for later determination the scope and extent of the claimed stipulation.

We note that the Hawaiian claimants invoked the jurisdiction of the North Dakota Bankruptcy Court by voluntarily filing their claims with such court.

The order appealed from is affirmed.