**In re Earnest E. and Esther TURNER, Debtors.**

**In re Thelma Chatman EASON, Debtor.**

**In re Norman S. CALHOUN, Debtor.**

**In re Michael L. GROSS and Delcis J. Gross, Debtors.**

**In re Helen Marie PEARSON, Debtor.**

**In re Charles C. WHITE and Alice B. White, Debtors.**

**In re Williard I. YOUNG and Ethel L. Young, Debtors.**

**In re Larry G. HAYNES and Brenda A. Haynes, Debtors.**

**In re Gene BALOT and Sandra G. Balot, Debtors.**

**In re James E. BROWN and Katie Lee Brown, Debtors.**

**In re Justinia Woodean DAVIS, Debtor.**

**In re Robert James WRIGHT, Sr., Debtor.**

**In re Joseph Nathaniel ANDERSON, Debtor.**

**In re Leon Claude FRITZ, Jr., Debtor.**

**In re Deborah Joan ESSEX, Debtor.**

**In re James Edward POTTER, Debtor.**

**In re Marjorie Jean BATTOR, Debtor.**

**In re Jimmie E. WOODS and Ruth Y. Woods, Debtors.**

**In re Charles Willie COX, Debtor.**

**In re Christopher Leslie SALLEE, Debtor.**

**In re Priscilla BARNER, Debtor.**

Bankruptcy Nos. 80–01654–1–13, 80–03215–1–13, 81–01178–W–13, 81–02124–W–13, 81–02222–W–13, 81–02553–W–13, 81–02571–W–13, 81–02708–W–13, 81–02721–W–13, 81–02780–W–13, 81–02807–W–13, 81–02936–W–13, 81–02943–W–13, 81–02969–W–13, 81–03003–W–13, 81–03140–W–13, 81–03215–W–13, 81–03238–W–13, 81–03261–W–13, 81–03377–W–13 and 81–03378–W–13.

United States Bankruptcy Court, W. D. Missouri. Nov. 19, 1981.

Maurice B. Soltz, Kansas City, Mo., for debtors.

Rita A. Rhodes, Kansas City, Mo., trustee.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In each of these Chapter 13 proceedings, the debtor has moved for transfer to the District of Kansas. Each case was filed initially in this District. The Motion in each case is identical and alleges that "Debtor(s) best interests will be served by the granting of a transfer of the matter to the District of Kansas." There were no suggestions in support of the Motion nor affidavits and no evidentiary hearing was requested. The trustee filed an identical answer in each case, opposing transfer unless costs and expenses of administration

were paid. The trustee also requested authority to appoint counsel but does not point out why counsel would be useful to her.

Jurisdiction of the Bankruptcy Court is established ·by Section 1471 of Title 28, U.S.C. Nothing in that section prescribes the limitation on the filing of a petition in any district. Venue restrictions are set out in Section 1472 of Title 28, U.S.C. The language of these two sections extends the general policy set out in Rule 116 of the Rules of Bankruptcy Procedure. Section 405(d) of Title 11, U.S.C. makes the rules applicable to proceedings under the Code "to the extent not inconsistent with the amendments made by this Act, or with this Act ..."

Rule 116 provides in part that:

"(a)(1) A petition by a ... natural person may be filed in the district where the bankrupt has had his principal place of business, residence, or domicile for the proceeding 6 months or for a longer portion thereof than in any other district ..."

(b)(1) Although a petition is filed in accordance with subdivision (a) of this rule, the court may, after hearing on notice ... in the interest of justice and for the convenience of the parties, transfer the case to any ·other district ..."

(2) If a petition is filed in a wrong district, the court may, after hearing on notice ... dismiss the case or, in the interest of justice and for the convenience of the parties, retain the case or transfer it to any other district ... Notwithstanding the foregoing, the court may without a hearing retain a case filed in a wrong district if no objection is raised."

In these 21 cases, seventeen are properly filed as to venue. The petitioner lives in this judicial district. In the remaining four cases, the petitioner lives in Kansas but not outside the metropolitan area. It is well settled that the language of the Rule refers only to venue and is not jurisdictional. *In re Eatherton*, 271 F.2d 199 (8th Cir.

1959); *Hawaiian Investors v. Thorndal*, 339 F.2d 807 (8th Cir. 1965); *In re Martinez*, 241 F.2d 345 (10th Cir. 1957). That conclusion is not altered by the language of the Code.

■ "If a voluntary petition, or petition under Chapter XIII is filed in the wrong venue, the petitioner waives venue." *In re Martinez*, supra, at 349. There is, however, no absolute bar to a transfer, even when venue is correct and the filing party is the moving party. Section 1475, Title 28, U.S.C.; *American Standard Inc. v. Bendix Corporation*, 487 F.Supp. 254 (D.C.W.D.Mo. 1980).

■ But it must also be true that, having once selected an improper venue, the petitioner cannot be heard to object. The motions to transfer, therefore, must meet the test of whether the transfers would be "in the interest of justice and for the convenience of the parties." Section 1475, Title 28, U.S.C., Rule 116(b)(1).

In *Hawaiian Investors v. Thorndal*, 339 F.2d 807 (8th Cir. 1965), the Court of Appeals set out the criteria for determining the propriety of a transfer.

"The statute does not define in detail the factors to be considered in determining whether a transfer should be granted. Such determination must be made on a case-to-case basis and in the light of the facts and circumstances disclosed in each case.

"Among the factors entering into a determination of the forum of greatest convenience are: '(1) proximity of creditors of every kind to the court; (2) proximity of the bankrupts to the court; (3) proximity to the court of the witnesses necessary to the administration of the estate; (4) location of the assets; and (5) the economic * * * administration of the estate.' " Citations omitted.

"The Court in *In re Miller*, D.C.Kan. 172 F.Supp. 208, 209, speaks of factors entitled to consideration on the transfer issue as follows:

"The transfer of any proceedings from one court to another, with the attendant clerical work involved, is cumbersome at best. This is particularly true in a bankruptcy proceeding, in which there are, by necessity, a great number of interested parties. A case of this nature, having once been lodged with a court, should not lightly be shifted to another. Such a transfer involves certification by the clerk of this court to the clerk of the court to which the proceedings have been transferred. Considerable correspondence and accounting is required of the clerk with respect to filing fees and costs which may have been paid. A trustee or receiver who may have been appointed by the court in one district will more than likely not be qualified to serve the court in the new district."

"A motion for transfer under § 32 is addressed to the sound discretion of the court and such order will be upset only upon showing of an abuse of discretion." 339 F.2d at 809.

"The moving party has the burden of proof, and must make a convincing showing of the right to transfer." *American Standard*, supra, at 261. "The party moving for the transfer must show by a preponderance of the evidence that the case should be transferred." *Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1241 (5th Cir. 1979). Here movants make a conclusory allegation—that the transfer will serve debtor's best interests—which is not the language of the statute or the rule and have made no factual allegations upon which the Court can exercise its discretion.

■ The language of the rule suggests that the court can act only after notice and hearing. But Section 102 of the Code points out that only such notice and hearing "as is appropriate in the particular circumstances is required." Where there is no allegation of fact, no issue of fact is raised by the answer and no party has requested a hearing to adduce evidence, the circumstances of these cases do not require the court, on its own motion, to have a hearing.

The Court has briefly reviewed the cases in which the motions are pending. None are complicated. There are no apparent issues which raise questions of the interest of justice. The Bankruptcy Court in the District of Kansas sits in Kansas City, Kansas, only a few miles from this courthouse. There are no issues of convenience or proximity then for parties or creditors. "If one factor could be singled out as having the most logical importance; it would be whether a transfer would promote the efficient and economic administration of an estate." *In re Commonwealth Oil Refining Company, Inc.,* 4 BCD 589, 595 (B.C.W.D. Tex.1978). Having once begun here, with attendant incurring of costs and expenses, a transfer can only increase costs both for the debtors and the courts and decrease efficiency of administration. Compare *Matter of Trim-Lean Meat Products, Inc.,* 11 B.R. 1010 (D.C.Del.1981) and *In re Dew Mortgage Company, Inc.,* 10 B.R. 242 (Bkrtcy.M. D.Fla.1981) with *In re BSJ Tower Associates,* 11 B.R. 449 (Bkrtcy.S.D.N.Y.1981).

The Motion to Transfer in each case, therefore, is DENIED.

Since it appears from her Motion that the trustee only wishes to employ counsel in connection with the Motions to Transfer, and such Motions having been ruled, the Motion of Trustee is DISMISSED AS MOOT.