HENDERSON, Circuit Judge:
 

 The appellant, who resides in Seale, Alabama but is employed in Columbus, Georgia, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Act of 1978, 11 U.S.C. §§ 701-766, in the United States Bankruptcy Court for the Middle District of Georgia at Columbus. The
 
 *856
 
 bankruptcy court dismissed the petition for improper venue under 28 U.S.C. § 1472.
 
 [1]
 
 The district court affirmed. We reverse.
 

 Twenty-eight U.S.C. § 1477(a) provides:
 

 The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.
 

 Section 1475 empowers the bankruptcy court to transfer cases under title 11 and related proceedings.
 

 Bankruptcy Rule 116(b)(2) reads:
 

 If a petition is filed in a wrong district, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, dismiss the case or, in the interest of justice and for the convenience of the parties, retain the case or transfer it to any other district. Such a motion may be made at or before the first meeting of creditors either on the court’s own initiative or on motion of a party in interest but thereafter only on a timely motion. Notwithstanding the foregoing, the court may without a hearing retain a case filed in a wrong district if no objection is raised.
 

 The bankruptcy court held no hearing concerning the interest of justice or the convenience of parties. Among the creditors of record, all but two are located in Columbus, Georgia. Those two are located in Phenix City, Alabama, which is near Columbus.
 

 Even if venue was not properly laid in the Middle District of Georgia, the bankruptcy court clearly erred in ruling on improper venue without a hearing to determine facts which would indicate the interest of justice and convenience of parties. The wisdom of the notice and hearing requirement in Bankruptcy Rule 116(b)(2) is not open to question, however burdensome that duty may be.
 
 See Bass v. Hutchins,
 
 417 F.2d 692 (5th Cir. 1969);
 
 In re Neese,
 
 12 B.R. 968 (Bkrtcy.W.D.Va.1981). The Advisory Committee Note to Proposed Bankruptcy Rule 1014 and the analysis in
 
 Neese are
 
 instructive, and we commend them to the attention of the bankruptcy court.
 
 [2]
 

 The appellant complains further that the bankruptcy court does not have the power to dismiss a petition for improper venue after the 1978 Act. In view of the provision for dismissal in former Bankruptcy Rule 116 which is absent in the new venue provisions of 28 U.S.C. §§ 1475 and 1477, this argument has some force.
 
 See In re Dew Mortgage Co.,
 
 10 B.R. 242 (Bkrtcy.M.D.Fla.1981);
 
 In re Malone,
 
 5 B.R. 658 (Bkrtcy.S.D.Cal.1980).
 
 Compare
 
 28 U.S.C. § 1477
 
 with id.
 
 § 1406. Eleven U.S.C. § 707 provides, however:
 

 The court may dismiss a case under this chapter [7] only after notice and a hearing and only for cause, including—
 

 (1) unreasonable delay by the debtor that is prejudicial to creditors; and
 

 (2) nonpayment of any fees and charges required under Chapter 123 of Title 28.
 

 “These causes are not exhaustive, but merely illustrative.” H.R.Rep.No.595, 95th Cong., 2d Sess. 380 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6336. It may be that despite the venue provisions of 28 U.S.C. §§ 1475 and 1477, the particular circumstances of improper venue, such as filing in a district where venue is grossly inconvenient, or for the purpose of unduly burdening another party, might constitute
 
 *857
 
 “cause” for dismissal of a petition.
 
 See also
 
 Advisory Committee Note to Bankruptcy Rule 116. No such facts appear in the present record, nor was a hearing held to make such a determination. We therefore leave this question for another day.
 
 [3]
 

 REVERSED and REMANDED.
 

 [1]
 

 . That section states, with exceptions not applicable here, that “a case under title 11 may be commenced in the bankruptcy court for a district (1) in which the domicile, residence, [or] principal place of business ... of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement .... ”
 

 [2]
 

 . This action is governed by Bankruptcy Rule 116 to the extent that it is not inconsistent with the Bankruptcy Act of 1978, as the proposed rules under the 1978 Act have not yet taken effect.
 
 See
 
 28 U.S.C. § 2075; Bankruptcy Act of 1978, Pub.L.No. 95-598, § 405(d), 92 Stat. 2549. The notes to Proposed Rule 1014(a), however, shed some light on the goals of the present transfer provisions of 28 U.S.C. §§ 1475 and 1477.
 

 [3]
 

 . Although noting that transfer was an available remedy, the district judge did not consider dismissal improper, in view of Rule 116(b)(2). Indeed, the Advisory Committee Note to Rule 116 points out that “[a] It hough it has been said that ... a court of bankruptcy cannot dismiss a case though filed in the wrong district ... the rule recognizes dismissal as one of the options available to the court in such a case, as it is under the amendment of 1949 to 28 U.S.C. § 1406(a) ... when the wrong venue is selected for ordinary civil litigation in a federal district court.” The committee disapproved holdings in the Seventh and Eighth Circuits that dismissal is not available. See
 
 In re Bankers Trust,
 
 403 F.2d 16 (7th Cir. 1968);
 
 In re Eatherton,
 
 271 F.2d 199 (8th Cir. 1959). We followed
 
 Eatherton
 
 in
 
 Bass v. Hutchins,
 
 417 F.2d 692 (5th Cir. 1969). Without attempting to resolve whether
 
 Eatherton
 
 and
 
 Bass
 
 have been ratified by the new Act, we observe that Proposed Bankruptcy Rule 1014(a) does not provide for dismissal, but only for retention or transfer, of a petition filed without proper venue.
 

 We also pretermit discussion of whether the abstention provisions of 11 U.S.C. § 305 may provide ground for dismissal due to improper venue.
 
 But see
 
 H.R.Rep.No. 595, 95th Cong., 2d Sess. 325 (1978).